JERRY D. ALLENSWORTH *et al.*, Plaintiffs-Appellees, *v.* BEN FRANKLIN SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.

Second District   No. 78-54

Opinion filed May 9, 1979.

Kalinich, McCluskey, Mehling & Nigro, of Glen Ellyn, for appellant.

Norman Lawrence, of Aurora, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Jerry and Linda Allensworth, brought this action seeking to recover a charge of $746.22 assessed against them by defendant, Ben Franklin Savings and Loan Association, when they prepaid the balance of a mortgage loan, alleging defendant fraudulently misrepresented that no such charge would be assessed. Plaintiffs also sought damages for violation by defendant of the disclosure requirements of the Federal Truth in Lending Act (15 U.S.C. §1601 *et seq.* (1970)) in connection with the loan. After a bench trial the court entered judgment in favor of plaintiffs awarding them recovery of the prepayment charge, damages in the amount of $500 for violation of the Truth in Lending Act and attorney's fees of $1,500 for prosecution of that violation.

Defendant appeals, contending that plaintiffs did not prove fraud and that the cause of action for violation of the Truth in Lending Act was barred by the applicable statute of limitations. We agree and reverse.

On February 15, 1973, plaintiffs submitted to defendant a written application for a $25,100 loan to finance the purchase of a home. Defendant agreed to make the loan and on March 12, 1973, plaintiffs executed a promissory note secured by a mortgage on the home. The note contained what is commonly called a prepayment penalty clause stating that plaintiffs

"* * * reserve the right to prepay this Note in whole or in part at any time, except that the Mortgagee may require payment of not more than six (6) months' advance interest on that part of the aggregate amount of all prepayments on the Note in one year, which exceeds twenty (20%) per cent of the original principal amount of the Note."

Defendant furnished plaintiffs at this time a loan cost disclosure statement

containing information required of lenders in this type of consumer credit transaction by the Federal Truth in Lending Act (15 U.S.C. §1639 (1970)). It included the prepayment penalty provision and was signed by plaintiffs acknowledging receipt of the disclosures.

It was not until April 1974 that plaintiffs notified defendant they were ready to close on the purchase of the home, the delay having been due to financial problems of the builder-vendor. In the meantime, defendants had not yet released the loan proceeds nor had plaintiffs made any payments on the loan, which had been scheduled to commence in July 1973. There was a dispute between the parties at this time as to whether, due to the long delay, defendant was still obligated to make the loan as earlier agreed and, after several months of negotiations, the parties agreed upon a new loan for the same amount but at a slightly higher interest rate. On August 1, 1974, plaintiffs executed a new note and mortgage and the note contained a prepayment penalty clause identical to that in the first note. Plaintiffs, however, did not receive a loan cost disclosure statement in connection with this second note. The real estate transaction was closed on August 22, 1974, at which time plaintiffs received the proceeds of the loan. In February 1977 they sold the home and when they sought to pay off the balance of the loan defendant assessed the prepayment charge of $746.22 and this suit followed.

At trial plaintiff Jerry Allensworth testified that the only statements that there would be no prepayment charges applicable to the loan were made to him by Roseanne Houston, one of defendant's vice-presidents, during the initial visit by him and his wife Linda to defendant's office to apply for a loan on February 15, 1973. He stated:

> "I asked her, I said, how much would it cost me if I wanted to make additional payments, say, $100 a month in addition to my monthly payments; and would it come off principal. She said, yes it will come off your principal; and you pay any amount you want. In fact we encourage that you do this."

When questioned about whether he had read the first note, in particular the prepayment penalty clause, Jerry Allensworth testified that he had not read the note word for word, that he had read parts of it quickly and that he did not recall reading the part referring to a prepayment penalty. When asked whether he had ever read the second note he stated he might have looked at it and that he did not read it word for word.

■■ In order for an alleged misrepresentation to constitute fraud it must be shown that the statement made was of material fact, as opposed to opinion; it must be untrue; the party making the statement must know or believe it to be untrue; the person to whom the statement is made must believe and rely on it, and have a right to do so; it must have been made for the purpose of inducing the other party to act; and the reliance by the

person to whom the statement is made must lead to his injury. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 332-33, 371 N.E.2d 634, 640-41; *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 23, 356 N.E.2d 653, 654-55; *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 139, 213 N.E.2d 89, 91-92.) The presumption in cases charging fraud is that all men are honest (*Bundesen v. Lewis* (1938), 368 Ill. 623, 632, 15 N.E.2d 520, 524; *Sajich v. Sajich* (1970), 128 Ill. App. 2d 432, 437, 262 N.E.2d 11, 14) and fraud must be proved by such clear and convincing evidence that the mind is well satisfied the charge is true (*Bundesen*, 368 Ill. 623, 632, 15 N.E.2d 520, 524; *Western Land Corp. v. Lichtenstein* (1977), 47 Ill. App. 3d 233, 239, 361 N.E.2d 730, 734).

■■ When examined in light of these principles it becomes apparent the alleged statements of Houston fall far short of constituting fraud. While Jerry Allensworth testified he asked what the "cost" of additional payments on the note might be, as well as whether such payments would reduce the principal, Houston apparently did not respond to the cost portion of his question but only as to whether such payments would reduce the principal. To the extent she answered his two-pronged question the record shows Houston's reply was true, his additional payments would reduce principal in that amount. He apparently did not repeat his earlier inquiry as to the cost of making such additional payments.

■■ Since fraud may also consist of the concealment of an existing material fact, as well as an untrue statement (*Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 195, 380 N.E.2d 1040, 1044), we consider the possible effect of Houston's failure to respond to Allensworth's inquiry whether a cost would be incurred in the event of a prepayment by him. The concealment may not be a mere passive omission of facts during a business transaction but must have been done with the intent to deceive under circumstances creating an opportunity and duty to speak. (*Perlman*, 64 Ill. App. 3d 190, 195, 380 N.E.2d 1040, 1044.) On this record we cannot say that defendant's representative purposely omitted to wholly answer Allensworth's inquiry with an intent to deceive.

■■ We also believe the record fails to establish a right on the part of plaintiffs to rely upon any alleged misrepresentation attributable to defendant. A person is ordinarily not justified in relying on a misrepresentation as to the terms of a contract he has signed when he has been afforded the opportunity to read it but through his neglect fails to do so. (*Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 93-94, 169 N.E.2d 229, 231-32; *Hurley v. Frontier Ford Motors, Inc.* (1973), 12 Ill. App. 3d 905, 911, 299 N.E.2d 387, 392; *Leon v. Max E. Miller & Son, Inc.* (1974), 23 Ill. App. 3d 694, 699-700, 320 N.E.2d 256, 260; *Nathan v. Leopold* (1969), 108 Ill. App. 2d 160, 171, 247 N.E.2d 4, 9-10.) The terms of the note clearly provided that a prepayment penalty might be required.

■ While we do not lightly disturb a trial court's finding and substitute our own opinion, the evidence in this case was not sufficiently clear and convincing to establish fraud on the part of defendant and the decision of the court was against the manifest weight of the evidence and must be reversed. See *Sajich v. Sajich* (1970), 128 Ill. App. 2d 432, 439, 262 N.E.2d 11, 15.

■ We now turn to consideration of the question whether plaintiffs' cause of action for violation of the Truth in Lending Act was barred by the statute of limitations. Count II of plaintiffs' complaint was brought under section 130(a) of the Act (15 U.S.C. §1640(a) (1970)) on September 16, 1977 (by amendment of their complaint during trial), to enforce the civil liabilities there provided for failure to make required disclosures. Defendant concedes that it violated the Act by failing to make the required disclosures to plaintiffs in regard to the second note executed August 1, 1974. It contends, however, that plaintiffs' action, brought more than three years after the execution of the note, was barred by section 130(e) which provides that actions under section 130 be brought "within one year from the date of the occurrence of the violation." (15 U.S.C. §1640(e) (1970).) We believe defendant's contention is correct. (*Stevens v. Rock Springs National Bank* (10th Cir. 1974), 497 F.2d 307; *Wachtel v. West* (6th Cir. 1973), 476 F.2d 1062, *cert. denied* (1973), 414 U.S. 874, 38 L. Ed. 2d 114, 94 S. Ct. 161; *Postow v. Oriental Building Association* (D.D.C. 1975), 390 F. Supp. 1130, 1135-39; *Kristiansen v. John Mullins & Sons, Inc.* (E.D.N.Y. 1973), 59 F.R.D. 99, 106-07.) No arguable basis exists for plaintiffs' contentions that defendant should not be allowed to raise the bar of the statute of limitations on the grounds of fraudulent concealment of the violation (*Chevalier v. Baird Savings Association* (E.D. Pa. 1974), 371 F. Supp. 1282, 1284-85) or estoppel to plead the statute (*First Savings & Loan Association v. Kern* (1977), 55 Ill. App. 3d 838, 370 N.E.2d 1326). Nor can the decision in *Littlefield v. Walt Flanagan & Co.* (10th Cir. 1974), 498 F.2d 1133, have any bearing on this case. It concerned a cause of action brought under the Truth in Lending Act to which the statute of limitations involved here was found inapplicable.

As we find plaintiffs' action under the Truth in Lending Act was barred by the statute of limitations the judgment must also be reversed as to that count, including the attorney's fees awarded pursuant to the act.

For the reasons stated the judgment of the trial court is reversed.

Reversed.

LINDBERG and SEIDENFELD, JJ., concur.