WILLIAM D. CROWELL, Plaintiff-Appellee, *v.* MICHAEL A. BILANDIC, Mayor of the City of Chicago, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 77-1774

Opinion filed September 26, 1979.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants.

Charles Locker and Leo T. McGonigal, both of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

On January 18, 1973, the plaintiff, William D. Crowell, was discharged by the Chicago Police Board from his position as a patrolman for the Chicago Police Department. The dismissal was affirmed by the Circuit Court of Cook County on July 17, 1973, and by this court on September 18, 1975. *Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 336 N.E.2d 573.

On March 10, 1977, Crowell filed a petition to vacate the order of the circuit court affirming his dismissal pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). On July 21, 1977, the circuit court vacated the order and ordered Crowell reinstated as a member of the Chicago Police Department with full pay and allowances from the date of his suspension in 1972. The defendants filed a motion to reconsider the order, which was denied. It is from this order that the defendants appeal.

The plaintiff was found guilty of violating Rule 2 of the Chicago Police Department which prohibits "any action or conduct which

impedes the Department's efforts to achieve its goals, or brings discredit upon the Department." The police board found that during the course of a departmental investigation into a complaint against the plaintiff by William K. Neal alleging solicitation of a bribe, Crowell attempted to obstruct the investigation by contacting Neal and attempting to persuade him not to cooperate with the investigation. The board determined that such conduct impeded the department's goal of maintaining honesty and integrity within the department.

The hearing on the charges was conducted by Garland W. Watt, hearing officer of the police board. The findings and decision of the board were signed by all five members of the board, one of whom was Morgan F. Murphy.

One of Crowell's superior officers, Deputy Chief William Murphy, was designated a possible witness at the hearing. William Murphy is the nephew of board member Morgan F. Murphy. Although William Murphy did not appear as a witness, there were several references to him by name during the hearing. Neal testified that he received a telephone call from William Murphy concerning his complaint against the plaintiff, and Crowell's attorney cross-examined Neal concerning this conversation. In addition, a copy of a statement made by Neal to Sergeant William Hines of the police department was presented as an exhibit at the hearing. This statement contained several references to Neal's conversation with William Murphy.

In his section 72 petition, the plaintiff alleged that William Murphy was "the chief moving force as regards the development of the charges" against him. He also made serious allegations concerning William Murphy's interest in his dismissal. Crowell asserted that because he refused to act as a confidential informant concerning corruption within the police department, Murphy attempted to transfer him and instigated unfair disciplinary action against him. In regard to the investigation concerning Neal's allegations, the plaintiff alleged that Murphy informed him:

> "I have undertaken my own investigation and determined that you are guilty as charged in the complaint against you. I have requested that Deputy Superintendent Rochford allow me to conduct my own investigation but I have been ordered to turn it over to the I.A.D. [Internal Affairs Division]. I do not intend to let matters lie with the I.A.D. and will give this matter my personal attention."

Crowell's petition also stated that Illinois Supreme Court Rule 67 (Ill. Rev. Stat. 1975, ch. 110A, par. 67) provides that a judge shall disqualify himself in any case in which a close relative, including a nephew, is a party, has an interest, or appears as counsel. He claimed that in *Mank v.*

*Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49, this court held that this rule was applicable to members of a police board. In addition he asserted that he was unaware of the relationship between Morgan Murphy and William Murphy until approximately December 15, 1976.

The trial court denied the defendants' oral motion to dismiss the section 72 petition on the grounds that it was not timely filed. In granting Crowell's petition to vacate the judgment, it made the following findings of fact:

"1. That in 1972, the plaintiff's superior officer, responsible for instituting disciplinary action against him, was Deputy Chief William Murphy.

2. That in 1972, Deputy Chief William Murphy was instrumental in bringing Charges against the Plaintiff before the Chicago Police Board and was actively engaged in the investigation of and prosecution of said charges.

3. That Deputy Chief William Murphy's Uncle Morgan Murphy was a member of the Chicago Police Board which heard said charges and deliberated on the same and entered its decision dismissing Plaintiff from the Chicago Police Department on January 18, 1973.

4. That this court affirmed said decision of the Police Board on May 4, 1974.

5. That the plaintiff had no knowledge of the family relationship between the Murphys until he discovered it by accident or coincidence on December 16, 1976 and neither the Police Board nor this Court were ever previously appraised of said relationship.

6. That this Court finds that the provisions of Supreme Court Rule 67 (Section 67, Chapter 110A) apply to these proceedings as previously determined by the Appellate Court of Illinois in *Mank v. Board of Fire and Police Commissioners* 7 Ill. App. 3d 478 288 N.E.2d 49.

7. That this Court does not imply that it found that undue influence was present but rather that the decision of the Police Board was tainted by the participation of Morgan Murphy in its deliberations and decision in light of Morgan Murphy's relationship to William Murphy."

The defendants raise the following three issues on appeal:

(1) Whether the section 72 petition was timely and properly filed.

(2) Whether Supreme Court Rule 67 applies to administrative proceedings.

(3) Assuming that the trial court properly vacated the judgment, whether the court erred in ordering Crowell reinstated rather than remanding the case to the Police Board for a new hearing.

I

The defendants first argue that Crowell's section 72 petition was not timely filed. The statute provides in pertinent part as follows:

"(1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this section.
❋ ❋ ❋

❋ ❋ ❋

(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." Ill. Rev. Stat. 1975, ch. 110, par. 72.

The plaintiff's petition was filed more than two years after the entry of the final order. The defendants contend that Crowell's petition did not allege any of the grounds specified which would toll the two-year statutory limitation, which are, duress, legal disability or fraud. The plaintiff, however, asserts that his petition does allege fraudulent concealment.

Mere silence usually does not amount to fraud. However, when a person has a duty to speak, his failure to disclose material information is equivalent to a fraudulent concealment. (*Forest Preserve District v. Christopher* (1943), 321 Ill. App. 91, 52 N.E.2d 313.) Although the words "fraudulent concealment" do not appear in Crowell's petition, a review of the entire pleading reveals sufficient allegations which contain the elements of such a fraud. He alleged that Morgan Murphy had a duty to disclose his relationship to William Murphy and to disqualify himself in this case. He also stated that he remained ignorant of this relationship until December 15, 1976, more than two years after the entry of the circuit court's final order.

A section 72 petition is addressed to the sound discretion of the trial court. This court will interfere with the trial court's determination only where there is an abuse of discretion. (*Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 382 N.E.2d 605; *Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 381 N.E.2d 27.) We do not believe that the trial court abused its discretion when it determined that the allegations in Crowell's petition were sufficient to toll the two-year statutory limitation.

II

The defendants also contend that Morgan Murphy had no duty to

disclose his relationship to William Murphy. They state that the trial court erred in holding that Supreme Court Rule 67 is applicable to police board proceedings. The trial court based this conclusion on the *Mank* opinion, a decision which the defendants claim is erroneous.

Illinois Supreme Court Rule 61(a)(1) states:

> "Whenever the word 'judge' is used in the Standards and Rules it includes circuit and associate judges and judges of the appellate and Supreme court." Ill. Rev. Stat. 1975, ch. 110A, par. 61(a)(1).

Pursuant to this definition, the term "judge" in Rule 67 refers to judges of the circuit, appellate and supreme courts, and not to members of administrative boards.

In *Mank* one of the members of the police board was the father of the chief of police who had filed charges against the plaintiff. In reversing the plaintiff's dismissal, the court noted the general rule of law that no man, whether a judge or a member of an administrative agency, who has a personal interest in the subject matter of a decision, may render judgment on that case. (*In re Heirich* (1956), 10 Ill. 2d 357, 140 N.E.2d 825; *Smith v. Department of Registration & Education* (1952), 412 Ill. 332, 106 N.E.2d 722.) In *Mank* the court stated:

> "Bias and prejudice is an illusive condition of the mind and it may even unconsciously exist in the person who would sincerely contend that he has no bias or prejudice. * * * Relationship by blood is sufficient to disqualify a judge in hearings [citation], and the commissioners here were 'judges in the full sense of the word'. Because of the closeness of the relationship between the charging party and one of the members of the commission and because of the judgmental factors involved, this court does not believe that the requirements for a fair and impartial hearing before a disinterested board were satisfied by the Board when one of the commissioners was closely related to the person bringing the charges." 7 Ill. App. 3d 478, 484.

The court did not hold that Rule 67 applied to police boards; it found that the requirements of a fair and impartial hearing were not satisfied because one of the commissioners was the father of the police chief who filed the charges against the officer.

■ Crowell's petition alleged that William Murphy was instrumental in bringing charges against him and actively engaged in the investigation and prosecution of those charges. The record itself reveals that William Murphy contacted Neal concerning the incident. We do not believe that the trial court abused its discretion in determining that because of the relationship between the two men, the decision of the police board was tainted by the participation of Morgan Murphy.

## III

The defendants' final argument is that the trial court erred in ordering the reinstatement of Crowell with full back pay. We believe that the proper remedy is to remand this matter to the police board for a new hearing on the charges.

■■ A police officer who has been suspended pending dismissal has no right to a salary unless his discharge is determined unwarranted. (*People ex rel. Cotter v. Conlisk* (1974), 17 Ill. App. 3d 346, 308 N.E.2d 1.) When the trial court vacated the order of dismissal, it made no determination that the discharge was unwarranted. In the instant case the court specifically ordered that:

> "Nothing contained herein shall be construed as barring the Superintendent of Police from proceeding anew before the Police Board on the charges previously made against Plaintiff."

In *Rizzo v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 460, 297 N.E.2d 247, the trial court, pursuant to a section 72 petition alleging perjured testimony, vacated its previous order under the Administrative Review Act which affirmed the plaintiff's dismissal from the police force. The trial court remanded the matter to the police board for a hearing *de novo*. On appeal this court determined that the procedure employed by the trial court was appropriate.

For the foregoing reasons, the order of the Circuit Court of Cook County vacating its judgment is affirmed. That portion of the order reinstating Crowell with full pay and allowances from the date of his suspension is reversed, and this matter is remanded to the police board for a new hearing on the charges.

Affirmed in part; reversed in part and remanded with directions.

SIMON, P. J., and RIZZI, J., concur.