Rosemarie MANNING, Plaintiff,

v.

ASHLAND CHEMICAL COMPANY, a Division of Ashland Oil Inc., a corporation, and Century Industries, Inc., a corporation, Defendants.

No. 76 C 849.

United States District Court, N. D. Illinois, E. D.

Sept. 6, 1980.

Barry M. Woldman, Jack P. Rimland, Chicago, Ill., for plaintiff.

Fred E. Schulz, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Robert S. Fulton and Stewart D. MacDonald, Newman, Olson & Kerr, Youngstown, Ohio, F. B. Libbe, Kirkland & Ellis, Matt P. Cushner, Pedersen & Houpt, Barry Yavitz, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

In this products liability case, plaintiff claims that a quantity of allegedly defective lacquer thinner exploded while in her possession, causing personal injury. The defendants in this sixth amended complaint are Ashland Chemical Company (Ashland), the manufacturer, and Century Industries, Inc. (Century), a supplier of the thinner. Because of the parties' citizenship and the amount in controversy, jurisdiction is properly invoked under 28 U.S.C. § 1332. The matter is now before the Court on Ashland's motion for summary judgment on Count II of the sixth amended complaint.

Count II alleges that the defendants fraudulently induced plaintiff to purchase and use the lacquer thinner. The basis of this claim is information which appeared on the label of the bottle of thinner plaintiff purchased. Plaintiff claims that the label represented that the product was suitable for household cleaning and that this statement was false.

Ashland claims that plaintiff has failed to allege that Ashland prepared or affixed the labels and, further, that depositions establish that Ashland had nothing to do with preparation of the labels. The lack of this allegation is said to preclude liability on Ashland's part, because Ashland argues that one essential element of a cause of action for fraud in Illinois is that the defendant make a misrepresentation to the plaintiff.

In response, plaintiff does not contest the fact that Ashland did not prepare or affix the label. However, plaintiff claims that "[c]oncealment or silence may constitute fraud where there is a duty to speak," citing *Tcherepnin v. Franz*, 393 F.Supp. 1197 (N.D.Ill.1975). Further, plaintiff argues that because a manufacturer has a duty to test and inspect a product and to warn consumers of unreasonable risks, Ashland had a duty to "speak" in regard to the labels on the thinner bottles. Essentially, then, plaintiff argues Ashland had a duty to know and determine whether the label contained a material misrepresentation and, therefore, Ashland's silence as to the label amounts to fraud.

■ Although it is clear that silence or concealment may constitute fraud, it does so only when the silent party had an opportunity and duty to speak. *Crowell v. Bilandic*, 77 Ill.App.3d 162, 395 N.E.2d 642 (1979); *Allensworth v. Ben Franklin Sav. & L. Ass'n*, 71 Ill.App.3d 1041, 389 N.E.2d 684 (1979); *Lagen v. Lagen*, 14 Ill.App.3d 74, 302 N.E.2d 201 (1973). The relevant issue here, then, is whether Ashland had an opportunity and duty to speak concerning the labels. Neither the Court nor the parties has found a case directly on point, but other cases help define the conditions under which silence may constitute fraud. The case plaintiff relies on, *Tcherepnin v. Franz*, 393 F.Supp. 1197 (N.D.Ill.1975), reveals two situations. First, "a person who, by his conduct, contributes to the misapprehension of another as to a material matter, and intentionally fails to correct the misapprehension, is guilty of fraud." 393 F.Supp. at 1217. Second, a person with a fiduciary duty of full and complete disclosure who fails to correct a material misapprehension is guilty of fraud. 393 F.Supp. at 1217. Both of these principles were found as bases of culpability in the case. In *Crowell v. Bilandic*, 77 Ill.App.3d 162, 395 N.E.2d 1023 (1979), the court recognized that a member of a police board had a duty to disclose his relationship with a person who has brought charges before the board. In *Forest Preserve Dist. of Cook County v. Christopher*, 321 Ill.App. 91, 52 N.E.2d 313 (1944), a lessor was held liable for fraud for failing to disclose contemplated condemnation proceedings to a lessee, knowing the lessee had planned and begun substantial improvements.

■ The basis of liability in these cases is that special circumstances existed concerning the specific false statement. Either the party contributed to the misrepresentation, was aware of information known to be material to a person dealt with, or the party had special fiduciary obligations. None of these circumstances is present here. Thus, although a manufacturer has a duty to test and inspect its product and warn consumers of unreasonable risks (see *Jonescue v. Jewel Home Shopping Service*, 16 Ill.App.3d 339, 306 N.E.2d 312 (1974)), those duties do not create the type of special circumstances triggering a duty to speak concerning a label prepared by a remote party. The duties derive from the product's condition and may be the basis of liability on other theories of products liability, but they are not the basis of a cause of action for fraud in this case. Since there is no genuine issue of material fact concerning Ashland's total lack of involvement in the preparation of the lacquer thinner labels, Ashland's motion for summary judgment is granted.

Accordingly, Ashland's motion for summary judgment on Count II of the sixth amended complaint is granted.