**DARLING & COMPANY, Plaintiff,**

v.

**H. Robert KLOUMAN et al., Defendants.**

**No. 80 C 730.**

United States District Court,
N. D. Illinois, E. D.

Oct. 6, 1980.

Kurt L. Schultz, Winston & Strawn, James R. Vogler, Chicago, Ill., for plaintiff.

Leon Zelechowski, Boorstein & Weissman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Darling & Company has filed a six–count complaint for damages arising from a securities transaction. Defendants have moved to strike and dismiss Counts I through V for various alleged pleading deficiencies, or in the alternative to obtain a more definite statement, and have also moved to dismiss all claims for punitive damages. For the reasons stated in this memorandum opinion and order, defendants' motion is denied in all respects.

### Count I–Federal Securities Laws

Count I alleges violations of the Securities Act of 1933 (the "1933 Act") and the Securities Exchange Act of 1934 (the "1934 Act") stemming from defendants' allegedly fraudulent sale of securities to plaintiff. Defendants argue that the allegations are insufficiently particularized.

Fed.R.Civ.P. 9 sets out special requirements for pleading a cause of action based on fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Its requirement as to "circumstances" calls for a complaint to specify "matters such as the time, place, and contents of the false representations, as well as the identity of" those involved. 5 Wright, Miller & Cooper, *Federal Practice and Procedure: Civil* § 1297, at 403.

This Complaint is sufficiently specific in its allegations. It states that defendants initiated negotiations for a purchase by plaintiff of common stock in H. K. Roberts, Inc. ("Roberts"), a company then owned and controlled by defendants. Those negotiations led to plaintiff's September 13, 1978 purchase for $200,000 of 110 shares of Roberts stock, which is now allegedly worthless. Plaintiff charges that during the negotiations each of the defendants made three specific misrepresentations that induced plaintiff's purchase:

(E)ach of the defendants directly or indirectly represented to Darling that:

(a) Arrangements had been made with a bank to loan $1,000,000 to Roberts;

(b) Arrangements had been made to obtain a guarantee of said $1,000,000 loan from the Farmers Home Administration of the United States Department of Agriculture; and

(c) Klouman, Cereghino, Bennett, and Lithgow had or would pay $50,000 each to Roberts before receiving their stock in the company.

According to the Complaint none of those representations was true, and defendants failed to advise plaintiff of their falsity prior to the purchase.

Defendants ask that this Court require plaintiff to plead the time and place of specific misrepresentations. In support, defendants cite several cases in which the failure to plead the time and place of allegedly fraudulent actions led to the dismissal of a complaint. *Decker v. Massey–Ferguson, Ltd.*, CCH Fed.Sec.L.Rep. ¶ 97,-223 (S.D.N.Y.1979); *Harris v. Emerson,*

CCH Fed.Sec.L.Rep. ¶ 97,196 (S.D.N.Y. 1979); *Lincoln National Bank v. Lampe*, 414 F.Supp. 1270 (N.D.Ill.1976).

■ But the requirements for a complaint cannot be judged in the abstract. Reconciliation of the "notice pleading" concept of Fed.R.Civ.P. 8 with the "particularity" requirement of Rule 9 must be done in light of the facts of each case. Every case cited by defendants involved allegations of complex and far reaching schemes that were clearly in need of some specific allegations before the defendants would have adequate notice of the charge. By contrast, the Complaint here alleges misrepresentation of three specific facts by each of three men during a period of only five months. This Court holds that defendants have been given adequate notice of the nature of the Complaint and are entitled neither to a dismissal of Count I nor to a more definitive statement. *See Tomera v. Galt*, 511 F.2d 504 (7th Cir. 1975); *Alco Financial Services, Inc. v. Treasure Island Motor Inn, Inc.*, 82 F.R.D. 735 (N.D.Ill.1979).

Defendants make the same charge of lack of particularity as to Counts II–V. Those arguments are rejected for the same reasons.

### Count II–Illinois Securities Law

Count II, like all the remaining counts of the Complaint, is based on the same facts as Count I. It charges a violation of the Illinois Securities Law of 1953, which provides that any sale so violative is voidable at the election of the purchaser. Ill.Rev.Stat. ch. 121½, § 137.13 A. Before a purchaser can bring a rescission action it must, within six

months after learning that the sale was voidable, notify the seller of its intent to rescind. Id. at § 137.13 B.

■ Plaintiff's allegations essentially track the notice provisions of Section 137.13 B. Defendants' claim of insufficiency is based on plaintiff's failure to specify the date it discovered the sale was voidable and the date it served its notice. Defendants have cited no authority that establishes such a pleading requirement under the Illinois statute[1], and this Court finds no reason to adopt one. Moreover, because all of the other Counts in the Complaint withstand defendants' motion to dismiss, discovery will proceed in any event. Defendants will sustain no added burden by acquiring the information they seek through discovery rather than pleading.

### Count III–Connecticut Securities Act

■ Connecticut's enactment of the Uniform Securities Act, Conn.Gen.Stat. § 36–498, requires that a buyer not know of the untruths or omissions that form the basis of a complaint. One court has indicated that this provision of the Uniform Act requires proof that a plaintiff's conduct was reasonable. *S & F Supply Co. v. Hunter*, 527 P.2d 217 (Utah 1974). Defendants argue that the *Hunter* reasoning requires that a complaint contain such allegations. Even accepting *arguendo* the statutory interpretation adopted by the *Hunter* court in its ruling after a trial, there is no reason to make an allegation of reasonableness a pleading requirement.

---

1. Defendants cite three cases, none of which supports its proposition. In *Lipcovitz v. Warren Printing Co.*, 249 Ill.App. 368 (1928), suit was brought after the applicable statute of limitations had run. In reversing a judgment for plaintiff the court held that defendant's failure to plead the defense was irrelevant because the complaint must show on its face that the action was brought within the prescribed time. *Jordan Building Corp. v. Doyle, O'Connor & Co.*, 282 F.Supp. 87 (N.D.Ill.1967), aff'd, 401 F.2d 47 (7th Cir. 1968), was an action brought under Section 137.13 of the Illinois Securities Law in which the complaint stated that "the true material facts ... became known to plaintiffs only

within less than six months prior to ..." the time notice was sent. Judge Parsons held that since a sale became voidable upon discovery of a misstatement alone, it was possible that a misstatement was discovered before plaintiff learned the true facts. Thus the statutory six-month period was not properly pleaded. Indeed if any inference can be drawn from *Jordan*, it would appear to be that a general averment that notice was sent within the prescribed six months is sufficient for pleading purposes. Finally, in *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973), the court simply indicated that "a general allegation of compliance with the statute" was not sufficient.

*Counts IV and V—Fraudulent Misrepresentation and Breach of Fiduciary Duty*

Counts IV and V of the Complaint reallege the same facts as Count I under theories of common law fraud and breach of fiduciary duty. Defendants challenge only one aspect of these Counts other than claimed lack of particularity: They argue that in an action for fraud, Illinois law requires a party to plead that its reliance on the allegedly fraudulent acts was reasonable. Although the reasonableness of reliance may indeed be an issue in an action for fraud, it is not a requirement for pleading.

Negligence on the part of a defrauded party is not generally a defense to a fraud action, subject to the exception that the party must have had reason to rely on the representation. *Schmidt v. Landfield*, 20 Ill.2d 89, 169 N.E.2d 229 (1960). While courts have held that at trial plaintiff must demonstrate that the reliance was reasonable, none has made that a technical requirement of pleading. *See Broberg v. Mann*, 66 Ill.App.2d 134, 213 N.E.2d 89 (2d Dist. 1965); *Costello v. Liberty Mutual Insurance Co.*, 38 Ill.App.3d 503, 348 N.E.2d 254 (1st Dist. 1976).

It is true that in *Schmidt* the court rendered a judgment on the pleadings for defendant based on plaintiff's failure to allege a reasonable reliance. But in that case the court looked to all of the *facts* in the complaint and held that those facts could never (even using inferences favorable to plaintiff) prove a reasonable reliance.

Here the allegations of the Complaint, if proved, could clearly demonstrate the reasonableness of plaintiff's reliance. No purpose would be served by requiring an allegation to that effect in the pleadings.

*Punitive Damages*

Plaintiff has requested punitive damages under Counts IV and V.[2] It is of course well settled that punitive damages may not be awarded under the federal securities laws. *Green v. Wolf*, 406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Globus v. Law Research Services, Inc.*, 418 F.2d 1276 (2d Cir. 1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). But both the 1933 and 1934 Acts expressly preserve all rights and remedies that existed prior to the enactment of the Acts. 15 U.S.C. §§ 77p and 78bb(a). We therefore deal with the question whether punitive damages may be recovered when a complaint charges both federal securities laws violations and common law fraud claims that arise from the same basic set of facts.

Two early cases in this district held that punitive damages could not be awarded in such a situation. *Schaefer v. First National Bank of Lincolnwood*, 326 F.Supp. 1186 (N.D.Ill.1970), *appeal dismissed*, 465 F.2d 234 (7th Cir. 1972); *Cant v. A. G. Becker & Co.*, [1971–1972 Transfer Binder] CCH Fed. Sec.L.Rep. ¶ 93,347 (N.D.Ill.1971). Since that time, however, the courts appear to have been unanimous in upholding claims for punitive damages. *Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460 (9th Cir. 1977); *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974); *Coffee v. Permian Corp.*, 474 F.2d 1040 (5th Cir. 1973), *cert. denied*, 412 U.S. 920, 93 S.Ct. 2736, 37 L.Ed.2d 146, *reh. denied*, 414 U.S. 882, 94 S.Ct. 41, 38 L.Ed.2d 129 (1973); *Holmes v. Bateson*, 434 F.Supp. 1365 (R.I. 1977); *Goodman v. Poland*, 395 F.Supp. 660 (Md.1975); *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973).

It is well settled that punitive damages may be awarded in appropriate fraud actions. *Durant v. Surety Homes Corp.*, 582 F.2d 1081 (7th Cir. 1978). There is no reason not to apply that rule because of the concurrent assertion of claims under the 1933 and 1934 Acts that cannot themselves encompass punitive damages. Plaintiff's prayer for punitive damages must be upheld.

*Conclusion*

This Court is impelled to observe that the motion dealt with in this opinion is sympto-

---

2. Although the Complaint makes a general demand for punitive damages, plaintiff has conceded (Plaintiff's Memorandum 6–7) that the claim is limited to Counts IV and V.

matic of much that is wrong with our justice system. Plaintiff's straightforward three–page complaint has generated 43 pages of memoranda and consequently this opinion, which would have been very brief indeed had it not been for a concern that a "decent respect to the opinions of mankind"[3] required a clear showing that defendants' arguments had been considered before being rejected. There has been a major expenditure of lawyers' time, law clerk's time and judge's time—and all addressed to issues that, had defendants' arguments been sound, would have led only to cosmetic repairs to the Complaint (except for the punitive damages issue, which could have been dealt with in brief compass while the lawsuit was moving toward trial). What *has* been accomplished—and what all too often seems to be a general litigators' goal—is that the action is now eight months old and not yet at issue.

This Court should not be misunderstood as having singled out the knowledgeable and experienced counsel in this case for special criticism. It is the entire bar that must address this pandemic problem as it has not. And if it does not, the courts will have to deal sharply with the matter, whether by an extension of the application of their inherent power to award attorney's fees (see *Roadway Express, Inc. v. Piper*, —— U.S. ——, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980)) or by an appropriate amendment to the Federal Rules of Civil Procedure to that end, or otherwise.

Defendants' motion to strike and dismiss Counts I through V, or in the alternative for a more definite statement, is denied. Plaintiff's prayer for punitive damages, understood as limited to Counts IV and V, will not be stricken. Defendants are ordered to answer the Complaint on or before October 20, 1980.