LINDA CHAPMAN, Plaintiff-Appellant, v. ELSIE J. HOSEK *et al.*, Defendants-Appellees.

First District (1st Division) No. 84—1049

Opinion filed February 11, 1985.

Kozlowski & Smith, of Willow Springs (Joseph J. Kozlowski and John A. Smith, of counsel), for appellant.

Joseph A. Malek and Kenneth E. Garstka, both of Berwyn, for appellees Elsie J. Hosek and Richard J. Hosek.

George W. Brooks and Shawn K. Hankins, both of Orland Park, for appellees Hugh Connolly and Century 21 Oakshire, Ltd.

JUSTICE O'CONNOR delivered the opinion of the court:

The issue raised on this appeal is whether the record demonstrates that there existed material questions of fact which precluded the entry of summary judgment in favor of defendants.

Plaintiff, Linda Chapman, entered into an agreement to purchase a parcel of residential real estate from the sellers, defendants Elsie and Richard Hosek. Defendants Century 21 Oakshire, Ltd., and its agent, Hugh Connolly, were the listing brokers, and defendants Roloff and Associates and its agent, Fred Aten, were the selling brokers. About seven weeks after plaintiff first saw the property and signed the real estate contract, she attempted to rescind on the grounds that defendants had made a material misrepresentation of fact that flood insurance was not required for the property and had concealed from her that during heavy rains the house flooded, as did the area immediately surrounding the house, which rendered it inaccessible. Plaintiff thereafter filed a lawsuit to recover her $7,000 earnest money deposit and incidental expenses. The trial court granted summary judgment in favor of defendants, and plaintiff has appealed. Each of the parties except Roloff and Aten has filed an appellate brief. The record is extensive, and only that portion which is relevant to this appeal will be summarized.

Plaintiff's verified complaint alleged that on March 30, 1982, she entered into an agreement to purchase the parcel of real estate commonly known as 8708 South 83rd Avenue in Hickory Hills from the Hoseks. On April 28, 1982, she received a letter from the proposed mortgagee informing her that the subject parcel was located in a flood-hazard area and that she would have to buy flood insurance as a prerequisite to obtaining the mortgage. The mortgagee's letter included a map dated July 9, 1976, published by the Department of Housing and Urban Development-Federal Insurance Administration depicting the subject parcel as being in a flood-hazard zone; the map and letter were appended to the complaint.

The complaint further alleged that defendants knew the property was in a flood zone, that flood insurance would be required and that defendants had a duty to disclose these material facts, which they

nonetheless concealed in order to induce her to sign the real estate agreement. In addition plaintiff contended that defendants made a material misstatement of fact in the property description listed by Century 21 and Connolly in the multiple service listing of the Southwest Suburban Board of Realtors, which listing affirmatively stated that flood insurance was not required. Plaintiff asserted that the property listing thus concealed from her the fact that the property was in a flood-hazard zone and that during heavy rains it flooded, which caused damage to the property and rendered it inaccessible. Finally, plaintiff alleged that had she known the above information she would not have agreed to buy the property and that on May 18, 1982, she sent written notice of rescission of the agreement and a demand for the return of her earnest money deposit.

In response to interrogatories propounded by plaintiff, the Hoseks denied they ever had water in their crawl space or garage; admitted that their back yard flooded, that 83rd Street immediately in front of their house flooded, and that the property belonging to their neighbors to the north and south and across the street experienced flooding; and denied that the intersection of 83rd Avenue and 87th Street ever flooded to the extent that it became impassable. The Hoseks also stated that they first became aware of flooding conditions in the vicinity of their home when they moved to the house in 1972 and that in 1976 or 1977 they learned that a retention basin to control flood water was proposed to be built north of 87th Street within one-half mile of their home. They further asserted that they did not know their home was in a designated flood plain until May 1982 and that sometime in 1982 they attended meetings in Hickory Hills concerning the flooding problems in the area of their house.

Also during discovery, the trial court issued an order directing plaintiff to disclose the identity of all persons she intended to call as witnesses to prove her allegations of flooding and to specify whether they would testify concerning the subject residence or the area within a three-block radius thereof. In response, plaintiff named three witnesses who were to testify concerning flood conditions in the area of the residence and 10 additional witnesses to flooding both in the area and on the subject property. Plaintiff also stated she planned to introduce into evidence seven sets of photographs showing both the subject property and the immediate area in a flooded state.

HOSEKS' MOTION FOR SUMMARY JUDGMENT

The Hoseks subsequently filed a motion for summary judgment in which they asserted that: (1) they had no knowledge of any flooding

or damage to the residence during the time they lived there; (2) they were not required to maintain flood insurance and were not aware that a prospective buyer would need it; (3) according to her deposition, plaintiff had no personal knowledge of flooding or damage to the residence; and (4) the fact that the property was located in a flood-zone plain was a matter of public record so that (a) plaintiff could have discovered that information if she had been diligent prior to signing the contract, and (b) they had no legal duty to disclose to plaintiff the fact that the immediate area in which the residence was located was subject to flooding. The motion was supported by the Hoseks' affidavits and a photocopy of what purported to be segments of plaintiff's deposition. We note that in that deposition plaintiff stated that when the house was initially shown to her she did not notice any damage, but she also said that it had been newly wallpapered and carpeted.

Plaintiff's response raised two primary deficiencies in the Hoseks' motion for summary judgment. First the motion did not address or dispose of the allegations in the complaint that defendants failed to disclose to her that flooding caused damage to the surrounding area and rendered the house inaccessible. Second, the motion did not foreclose liability on the part of the Hoseks based upon fraudulent representations or omissions by the other defendants who were the Hoseks' agents in the transaction. The trial court granted the Hoseks' motion for summary judgment.

CENTURY 21 AND CONNOLLY'S MOTION FOR SUMMARY JUDGMENT

Century 21 and Connolly thereafter filed a motion for summary judgment. Their motion was substantially similar to that filed by the Hoseks, with the additional assertions that neither Century 21 nor Connolly knew of any flood damage to the residence or was aware that a prospective buyer would need flood insurance. They also claimed that the representation in their property listing that no flood insurance was required was based upon information given to them by the Hoseks which they had no reason to believe was incorrect. Finally, Century 21 and Connolly claimed that in any event they had no duty to disclose to plaintiff the fact that the property was in an area subject to flooding. The motion was supported by Connolly's affidavit to the effect that all of the representations ·they made concerning the property were based upon those made to them by the Hoseks.

Plaintiff filed a consolidated response and motion to reconsider the summary judgment granted in favor of the Hoseks. She asserted that the flooding of the property and the surrounding streets was ma-

terial information which defendants should have disclosed to her; that when Century 21 and Connolly, as agents for the Hoseks, affirmatively asserted that flood insurance was not required, she relied upon that statement and did not make any further inquiries; and that the Hoseks, Century 21 and Connolly are liable to her for failing to disclose the flood information and for making material misrepresentations which affected the desirability of the property. The trial court granted Century 21 and Connolly's motion for summary judgment and denied plaintiff's motion to vacate the judgment previously granted in favor of the Hoseks.

ROLOFF AND ATEN'S MOTION FOR SUMMARY JUDGMENT

Thereafter, defendants Roloff and Aten filed a motion for summary judgment which was also similar to that filed by the Hoseks. In addition, their motion alleged that the property was listed by Century 21 on March 27, 1982, and that they relied on the listing and had no duty to independently substantiate the accuracy of the listing facts. The motion was supported by several documents, including the affidavit of Nelda Roloff, the president of defendant Roloff, in which she asserted, *inter alia*, that Roloff had no knowledge of any flood damage to the subject property either before or after the contract date and had no knowledge that a prospective purchaser would be required to buy flood insurance.

Plaintiff filed a response to the motion in which she reasserted the veracity of her allegations concerning flooding on and around the subject property. She also claimed that Roloff had knowledge of the flooding conditions, as shown by Nelda Roloff's participation in 1970 in a lawsuit concerning flooding problems in the area. In support of her response plaintiff introduced the following documents:

1. Group exhibit A consists of photocopies of seven photographs showing severe flooding of the subject property and flooding in and around the intersection of 83rd Avenue and 87th Street in Hickory Hills.

2. An affidavit executed by Thomas Trolinger asserts that he took the photographs comprising group exhibit A on December 3, 1982, and that they accurately depict the flooding conditions which existed in the area of the subject premises.

3. The affidavit of Steve Flowers, the mayor of Hickory Hills from May 1975 through April 1979 and a resident of 8825 South 82nd Court in that suburb from 1966 to 1980, states that the photographs in group exhibit A showed the conditions which have existed in the vicinity of the subject premises after every heavy rainfall since 1968,

that such rainfalls occurred on the average of four times per year, and that as a result of such rainfall the subject property and two to three lots to the south thereof were rendered inaccessible for several days at a time.

Flowers also stated he was familiar with the report by R. W. Robinson and Associates, the consulting engineers for the city of Hickory Hills, which lists the subject premises as one of 25 houses which incur approximately $500 in flood damage per year and are rendered inaccessible during heavy rains on the average of four times a year.

4. Group exhibit B is a copy of the report by R. W. Robinson and Associates referred to in Flowers' affidavit, entitled "Comprehensive Study for Proposed Retention Basin Planned for Storm Water Relief in Hickory Hills, Illinois." The study includes maps depicting the subject premises as being both one of the homes affected by, and a home with no access during, heavy rainfalls.

5. There is also a photocopy of a class action lawsuit, number 70 CH 4026, filed in the chancery division of the circuit court of Cook County by the city of Hickory Hills and numerous residents of Hickory Hills, including Nelda Roloff and Charles Roloff of 8748 South 82nd Court, against the village of Justice, concerning various actions by that defendant which obstructed water drainage from plaintiffs' property.

6. Finally, there is an affidavit executed by plaintiff stating she first saw the subject premises on March 27, 1982, two days before she signed the purchase contract; that she relied on defendants' representations that no flood insurance was required and as a result made no further inquiries; that on April 28, 1982, when she first became aware of the flooding conditions involving the property, she questioned Nelda Roloff about the flooding and was told not to worry because it was an insignificant problem and that money had been allocated to remedy it; that on the same date she inquired of Fred Aten about the flooded condition and was told that little water accumulated around the subject property during rainy periods; that thereafter she made further inquiries and discovered that the flooding problem was not insignificant; that the flooding and inaccessibility of the property were material facts; and that if that information had been disclosed to her, she would not have signed the real estate agreements.

The trial court granted summary judgment in favor of Roloff and Aten. This appeal contests the propriety of all three orders granting summary judgment in favor of defendants.

OPINION

■■ A trial court may grant summary judgment in favor of a party "if the pleadings, depositions, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) A triable issue precluding summary judgment exists where there is a dispute as to material facts or where, the material facts being undisputed, reasonable persons might draw different inferences from the facts. In determining whether a genuine issue as to any material fact exists, the trial court must construe the pleadings, depositions and affidavits most strictly against the movant and most liberally in favor of the opponent. *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 194, 380 N.E.2d 1040.

Where there has been some fraud in the making of a contract, rescission may be an appropriate remedy. (*Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1000, 388 N.E.2d 943.) Such fraud may consist of either an untrue statement or the concealment of a material fact. The concealment may not be a mere passive omission of facts during the business transaction but must have been done with the intent to deceive under circumstances creating an opportunity and a duty to speak. (*Allensworth v. Ben Franklin Savings & Loan Association* (1979), 71 Ill. App. 3d 1041, 1044, 389 N.E.2d 684.) The elements of an equitable claim for rescission on the basis of fraud in misrepresentation are: A representation in the form of a statement of material fact, made for the purpose of inducing the other party to act; the statement is false and known by the party making it to be false, or not actually believed by him to be true; and the party to whom it is made must be ignorant of its falsity, must reasonably believe it to be true, must act thereon to his damage, and in so acting must rely upon the truth of the statements. (*Douglass v. Wones* (1983), 120 Ill. App. 3d 36, 47-48, 458 N.E.2d 514.) Concealment of an existing material fact is actionable where employed as a device to mislead. In order to be material, the concealed fact must be such that had the other party been aware of it, he would have acted differently. *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 195, 380 N.E.2d 1040.

■■ In the instant case, plaintiff sought rescission of a real estate agreement on the bifold basis that defendants had made a material misrepresentation of fact by stating that flood insurance was not required, by concealing material facts and omitting to inform her that the property was subject to flooding and damage during heavy rain-

falls and by concealing the fact the area immediately surrounding the house flooded, rendering the house inaccessible during such heavy rains. Defendants' motions for summary judgment were directed only to the issues whether they knew flood insurance was required and whether the house flooded. In their motion for summary judgment the Hoseks denied that the house flooded. We note, however, that in their answers to interrogatories the Hoseks admitted that their back yard flooded, as did the property belonging to their neighbors. Also, whereas the Hoseks simply denied they had ever suffered any water damage to their house and that plaintiff did not personally see any such damage when she first toured the house, it is uncontroverted that the house had been newly carpeted and decorated before plaintiff saw it. Moreover, juxtaposed against defendants' denial of severe flooding or flood damage are the Hickory Hills consulting engineers' report, the affidavits by area residents and the seven photographs, all of which substantiate plaintiff's allegations and raise material questions of fact concerning flooding, damage and inaccessibility to the property. Accordingly, based upon our review of the record, we conclude that summary judgments should not have been granted in favor of defendants.

■ In reliance on *City of Aurora v. Green* (1984), 126 Ill. App. 3d 684, 467 N.E.2d 610, defendants argue that they are not liable to plaintiff for any misrepresentations as to flooding because that information was a matter of public record. They cite *Green* for the proposition that the material misrepresentations must be of fact since one is not entitled to rely on representations of law. *Green*, however, concerned misrepresentation as to the zoning laws applicable to a certain parcel of real estate. To the contrary, the instant case was primarily concerned with questions of fact regarding flooding to the house and the surrounding area damage and inaccessibility due to heavy rainfalls. Although some information was available to the public on these problems in the form of commissioned reports and maps, it was not tantamount to a public law, nor do we believe that it was the type of information an average prospective buyer would research if given no indication whatsoever that flooding was a problem.

■ Defendants also contend they have no liability to plaintiff because she had no right to rely on their property listing and could have discovered the flooding information had she been diligent prior to signing the contract. This contention, which was also the basis of their motion for summary judgment, was not dispositive of the issue, since one who is guilty of a fraudulent misrepresentation may not interpose as a defense that the person defrauded was negligent in fail-

ing to discover the truth. *Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 94, 169 N.E.2d 229.

For the reasons set forth above, the orders entered by the circuit court granting summary judgment in favor of defendants are reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McGLOON, P.J., and CAMPBELL, J., concur.