THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* SUNNYSIDE PROPERTIES, INC. *et al.,* Defendants-Appellants.

(No. 56111; 

First District—July 28, 1972.

E. R. Jablonski and S. M. Oleszkiewicz, both of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from the refusal of the trial judge to vacate an order directing them to comply with the zoning ordinances of the City of Chicago. They contend that the trial court erred in not allowing them to file an answer thereby raising defenses to the action filed by the City.

On July 25, 1969, the City filed a complaint praying for a mandatory injunction to require the owners of the subject property to pave the access drive and parking areas of the land upon which a filling station was operated. The City alleged that such paving was necessitated by the Municipal Code of Chicago 1969, ch. 194A, par. 9.11(6) a. Although appellants (hereinafter referred to as defendants) were not originally named as defendants, the complaint was eventually amended to include them. The first hearing on the complaint was had on May 28, 1970 at which time defendants' attorney suggested that a six week continuance be granted to enable defendants to comply with the ordinance. The court granted this request and entered a mandatory order to that effect. At that same hearing a neighbor, Mr. Stasak, stated that the defendants were violating the zoning ordinance by their use of trucks on the premises. The Court indicated that the only complaint pending against defendants at that time involved the paving violation.

On June 11, 1970, the City notified defendants that it was going to amend its complaint to seek injunctive relief which would prohibit defendants from use of the premises for "body and fender, truck, and trailer repair" and "the parking of trucks and trailers" in violation of the Municipal Code of Chicago 1969, ch. 194A, par. 8.3-4. At the hearing held on July 16, 1970, the court granted the City leave to file its amendment to the complaint instanter. The Court then heard evidence that the parking lot had been paved. Evidence was also taken to the effect that welding equipment was kept on the premises and that trucks were repaired and occasionally parked overnight on the premises. The trucks ranged in size from the "pickup" variety to "three ton" tractors. A Code Enforcement Inspector for the City testified that the zoning of the property permits repairs to vehicles up to a ton and one half. The judge then said, "I am going to sign a mandatory order enjoining him from

parking any motor vehicles overnight except his own vehicles. We are going to go into this zoning. I will give the defense counsel a chance to file a petition if you want to argue or going to try to get a zoning variation to permit work on vehicles two to three tons, you may." The matter was then continued until September 10, 1970, at which time defendants' attorney stated that the "Chief Director" of the Zoning Board of Appeals discouraged him from seeking a variance, but instead indicated that the correct procedure in this case was to have the zoning ordinance amended. The judge told defendants to take some definite action to either obtain a variance or an amendment. The case was then continued until October 29, 1970.

At that hearing defendants' attorney stated that he had filed an application with the Zoning Administrator and the matter was then pending before the Zoning Board of Appeals. The court went on to hear testimony concerning the overnight parking of vehicles on the subject property. The court agreed with the corporation counsel who stated the Zoning Board of Appeals had exclusive jurisdiction to determine what use could be made of the property. Counsel for defendants then stated that no answer was yet filed in this proceeding and sought leave of the court to allow the answer to be filed instanter. The court denied the request but indicated to counsel that if he could support his request with authorities the court would reverse itself.

On January 28, 1971, the next hearing in this case was held. At that time the court noted that the Zoning Board of Appeals had ruled that defendants could not park or repair trucks or trailers in excess of one and one half tons. The court entered a mandatory order compelling defendants to comply with the decision of the Zoning Board of Appeals. Defense Counsel then stated that all that defendants could do to contest the order would be to resort to equitable remedies. He sought leave to present a petition in that regard. The judge stated that he would allow the petition at the next hearing.

On February 26, 1971, defendants filed a "Petition" through which they sought to have the court vacate its order of January 28, 1971. The petition alleged that the court improperly denied leave to defendants to file their answer; that the court prior to the entry of its order of January 28 failed to allow defendants to present legal or equitable pleadings or defenses; that prior to the entry of the order of January 28, defendants were not given adequate opportunity to exhaust their administrative remedies; that the defendants' use of the property was a legal non-conforming use; and that the enforcement of the zoning ordinance deprived defendants of due process and equal protection of the laws.

At a subsequent hearing held on March 2, 1971, defense counsel

argued that he should be given the opportunity to present legal and equitable defenses. Counsel stated that he was attempting to present in effect the same defenses which he would allege if he appealed the decision of the Zoning Board of Appeals. The court noted that the presentation of equitable defenses in this action was not the same as appealing the decision of the Zoning Board of Appeals. The court went on to inform defense counsel that he could present any pleading he desired, but the court insisted upon compliance with its order. The court expressed its belief that defendants were afforded sufficient time to present such pleadings and noted that defendants had not presented any authority in support of its position. The court refused to vacate the order of January 28, and defendants appeal.

■■■ From a reading of the chronology set out above it is apparent that defendants did not seek to file an answer to the amended complaint until the hearing of October 29, 1970, almost three and one half months after the amended complaint was allowed. Instead of filing an answer when the complaint was amended, defendants allowed the cause to proceed to trial. It is interesting to note that the evidence presented by defendants was not such as would controvert the City's allegation that defendants violated the zoning ordinance. In fact, defendants admitted that trucks of the prohibited class were repaired on the premises. They merely attempted to demonstrate that the zoning violation was not of an aggravated character and was necessary for the operation of the business. It is also apparent that defendants did not pursue the invitation of the trial judge to bring in authority in support of their request to file the tardy answer. The allowance of a party to file tardy pleadings rests within the sound discretion of the trial judge. *See generally, Nurnberger v. Warren and Van Praag, Inc.* (1971), (Ill.App.2d), 272 N.E.2d 234, 239, and *Brainerd v. First Lake County National Bank* (1969), 109 Ill.App.2d 251, 258, 248 N.E.2d 542, 546. We believe that the trial judge did not abuse his discretion in this case.

Also, there is no indication that the filing of an answer would have been a useless gesture if pursued by defendants in the trial court. The judge's comments that he wanted the injunctive order to remain in effect were coupled by indications that the order would be vacated if the parties could support their request to file a tardy answer thereby raising defenses sustainable at trial.

■■ Defendants raise numerous other matters in their brief on appeal but those matters should have been raised as defenses in the trial court and not on appeal for the first time. Additionally, defendants allude to the lack of jurisdiction in the trial court to hear matters raised in the amendment to the complaint, after it had disposed of the matters raised

in the original complaint. Assuming *arguendo* that defendants' contention is correct, they submitted to the court's jurisdiction without objection by going to trial on the matters raised in the amendment.

■■ Defendants contend that the court's ruling which prohibited them from filing an answer foreclosed all opportunity for them to challenge the validity of the zoning ordinance in the future. Such is not the case. *See Workman's Lumber & Construction Co. v. Martin* (1970), 121 Ill.App.2d 352, 257 N.E.2d 494.

The decree of the Circuit Court is affirmed.

Decree affirmed.

DRUCKER and ENGLISH, JJ., concur.