ERNEST D. RIZZO, Plaintiff-Appellee, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF FRANKLIN PARK *et al.*, Defendants-Appellants.

(No. 57332;

First District (1st Division)—April 16, 1973.

Henry J. Hyde and Richard E. Dowdle, both of Chicago, for appellants.

Walter C. Wellman, of Lyons, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The trial court, on a sworn petition under section 72 of the Civil Practice Act alleging perjured testimony, entered a final order vacating its own previous order under the Administrative Review Act (affirming the findings and decision of the Board of Fire and Police Commissioners of the Village of Franklin Park finding policeman Rizzo guilty of certain charges and discharging him from the force) and remanded the matter to said Board for a hearing *de novo*. The Board has appealed from this order and the court's subsequent refusal to vacate it.

The plaintiff was a policeman of the Village of Franklin Park and charges were filed before its Board of Fire and Police Commissioners alleging in substance that he was guilty of improper conduct in that he had in his possession a 1967 Chevrolet automobile, stolen from Avis Rent-A-Car, under circumstances where he knew or should have known that it had been stolen.

The Board heard the matter and, in March of 1968, found him guilty and discharged him from the force. The trial court, on Administrative Review, referred the matter back to the Board for further hearings and, in August of 1968, the Board, after such hearings, affirmed its earlier findings and decision. The trial court, in November of 1968, affirmed and Rizzo appealed to this court.

In October of 1968, after said hearings had been completed, Rizzo was tried in the criminal court and was found not guilty of stealing the automobile but guilty of having possessed it "without knowledge of the fact" that its manufacturer's serial number had been altered and he was fined $200. During the pendency of these charges Rizzo attempted to take depositions of Sergeant Zahn, Patrolman LaGioia and Joseph Miller of Avis Rent-A-Car but, on the motion of the State's Attorney, his subpoenas were quashed and he was enjoined from taking such depositions. In June of 1970, after the criminal trial, depositions were taken of these witnesses. In December of 1970 the trial court's order of 1968, affirming the Board's findings and discharge, was affirmed by this court and in January of 1971 rehearing was denied. (*Rizzo v. Board of Fire & Police Commrs.*, 131 Ill.App.2d 229, 267 N.E.2d 7.)

In June of 1971 Rizzo filed his sworn petition under section 72 asking the trial court to vacate its 1968 order and to remand the cause to the Board to hear further evidence and enter new findings and a new decision. The Board moved to dismiss and Rizzo amended his petition to

add paragraphs 17 through 26, setting out in considerable detail the allegedly perjured testimony, and why its perjurous character could not have been discovered and presented earlier.

The Board again moved to dismiss and Rizzo again amended. On January 17, 1972, the trial court denied the Board's motion and the Board elected to stand on it. The court in the same order found that the petition was sufficient under section 72, vacated its own previous order of 1968 and remanded the cause to the Board for hearing *de novo*. After the court denied the Board's motion to vacate, it appealed to this court.

Before reaching what we deem to be the three main issues, we shall dispose of certain preliminary matters.

■■ The Board's original motion to dismiss the petition as amended raised only the ground that the petition had not been filed within two years from November 25, 1968, as required by section 72(3) of the Civil Practice Act, which ground has, of course, been waived by its failure to urge it here. (*People ex rel. Davis v. Chicago, Burlington & Quincy R.R. Co.*, 48 Ill.2d 176, 268 N.E.2d 411.) After said motion had been denied, the Board stood on that motion and the remandment order here under attack was entered. The Board within term time, did, however, move to vacate said order and in that motion raised the grounds now urged on this appeal. The trial court, in denying said motion to vacate expressly ruled on these contentions.

■■ Rizzo has moved to dismiss the appeal or to affirm the order below on the ground that, by these actions, the Board is precluded from now raising these grounds because they "were not raised in the trial court", citing *City of Chicago v. Sunnyside Properties, Inc.*, 6 Ill.App.3d 921, 287 N.E.2d 58, where the contention was not raised in the trial court. His motion was taken with the case. Matters going to the sufficiency of the petition are not so readily waived (*Schuman v. Dept. of Revenue*, 38 Ill.2d 571, 232 N.E.2d 732), and, as already pointed out, these matters were, within term time, raised and the trial court not only had the opportunity to but did pass upon them. The contention lacks merit and the motion to dismiss the appeal or to affirm on this ground is denied.

■■ Rizzo also contends that the trial court's order vacating its earlier order and remanding the cause to the Board must be affirmed because no report of proceedings has been filed. This argument is unsound in that such an order, under the Administrative Review Act, is based not on evidence heard by the trial court but on the petition under section 72, the allegations of which are admitted by the action of the Board in standing on its motion to dismiss after said motion had been denied. The cases cited (*Vail v. Vail*, 98 Ill.App.2d 234, 240 N.E.2d 519, and *People v.*

*Markley,* 340 Ill.App. 191, 91 N.E.2d 630), do not support his position and the argument is not well founded.

■■ Rizzo also contends that the failure of Sergeant Zahn to plead or answer or appeal constitutes an admission that his (Rizzo's) petition is well founded. The proceeding in the trial court court was an action, under the Administrative Review Act, to review the Board's discharge, and Sergeant Zahn, although named, was not and could not have been a proper defendant. Counsel and the trial court were justified in ignoring him. The Board's motion to dismiss were made on behalf of all of the members of the Board, who were the only proper defendants.

■■ Turning now to the Board's contentions, while one of the older cases cited (*People v. Touhy,* 397 Ill. 19, 72 N.E.2d 827), does say, among other things (p. 25), that the writ of error *coram nobis* (now replaced by section 72) did not lie "for alleged false testimony at the trial nor for newly discovered evidence", the later cases, such as *People v. Lewis,* 22 Ill.2d 68, 174 N.E.2d 197, hold (p. 70) that:

> "section 72 does afford a remedy, in a proper case, to obtain relief from a judgment based on perjured testimony."

■■ The Board also relies on the said *Touhy* case for certain language (397 Ill. 19 at 27, 72 N.E.2d 827), to the effect that a petition based on perjured testimony must be "supported by affidavits showing the perjury", but, in our view, a sworn petition setting out in detail the original testimony and in what respects its perjurous character is demonstrated in subsequent testimony at the criminal trial and in later despositions is sufficient under section 72.

■■ The Board also contends, for the first time in its reply brief, that Section 11 of the Administrative Review Act, (Ill. Rev. Stat. 1967, ch. 110, par. 274), which prohibits the trial court from hearing any "new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency", prohibits the trial court from hearing such a petition and from remanding a matter to the agency for further hearings. On such a petition the court does not itself hear new evidence; it merely remands the cause to the agency to do so, which is precisely what the next section (ch. 110, par. 275) expressly empowers the trial court to do. The contention is unfounded.

■■ This brings us, then, to what we regard as the first main issue—is the petition under section 72 legally sufficient—*i.e.:* does it set out in sufficient detail the allegedly perjured testimony, and is that testimony of such a character that its correction on a subsequent hearing might well result in substantially different findings and decision?

The petition, as amended sets out, *inter alia,* as follows:

> "18. That during the criminal trial before the Honorable

Sydney Jones, in which your Petitioner was indicted for the theft of an automobile, Sergeant Zahn testified that he had located the burned car bearing Serial No. 164478F114850 on February 29, 1968, but failed to so testify before the Board of Fire and Police Commissioners, and that said burned car was not the same one found by Northlake police and its ownership was not traceable to your Petitioner, Ernest D. Rizzo, as Zahn had testified to before the Fire and Police Commissioners it was, but that said automobile had been traced by said Sergeant Zahn to a Jerry Wilson of River Grove, Illinois, as he testified in the criminal hearing aforesaid, and a transcript will so show.

19. That both Sergeant Zahn and Patrolman LaGioia testified at the hearing before the Board of Fire and Police Commissioners that it was your Petitioner Rizzo who arranged a meeting for John Campbell on the telephone, as transcripts of said hearing will show, but that during the civil deposition taken subsequent to the acquittal of Petitioner of said criminal charges, both admitted it was Campbell who called on the telephone and not your Petitioner.

20. That at the hearing before the Board of Fire and Police Commissioners, Joseph Miller testified that Avis owned Black vinyl cars, but during the criminal trial admitted that Avis had never owned a car with a black vinyl top, as transcripts of said hearing will show.

21. That Sergeant Zahn testified at the Board of Fire and Police Commissioners' hearing that he checked Petitioner Rizzo's car with the Chicago Police Department on January 12, 1968, and was told that the car was stolen from Avis-Rent-A-Car, but that during the deposition taken after the conclusion of the criminal case, Joseph Miller of Avis testified it was Zahn who told them to report the car stolen after supplying them with the confidential numbers of Rizzo's car two months prior to January 12, 1968, the date Rizzo was arrested, as the transcript and deposition will indicate.

22. That during the hearing before the Board of Fire and Police Commissioners, Duane Reitz of Avis testified that the alleged stolen car was sold to John Campbell on January 18, 1968, and that a certified copy from the office of the Secretary of State of Illinois shows the automobile was purchased on December 12, 1966, a photocopy of said certified copy being hereto attached, marked Exhibit 1, dated August 6, 1971.

23. That the testimony of Joseph Miller of Avis at the Board of Fire and Police Commissioners' hearing stated their records

would show that they lost possession of the car on December 16, 1966, and whereas in truth in fact the record shows "no movement of the vehicle" after that date, but when their records were produced in evidence at the criminal trial it was discovered that Avis had possession of the car as late as September 27, 1967, nine (9) months after Rizzo was charged with stealing the car, and that at that time they applied for a transfer of license plates for the car, and that said car was returned to O'Hare Field as shown by the application for license plates from the alleged car to a 1968 Chevrolet, Serial No. 164478J110423, a photostatic copy of which application for change of plates is hereto attached marked Exhibit 2."

The trial court, in its denial of the motion to vacate concluded that:

"* * * the alleged perjurous testimony was material and probably would control the result on the charges as they exist. * * *.

Therefore, I conclude that the allegations of the motion, if true, would support relief under Section 72. * * *."

We agree. We are particularly impressed by the allegations that both Sergeant Zahn and Patrolman LaGioia testified at the Board hearing that it was Rizzo who arranged a meeting for John Campbell on the telephone but that, during civil depositions taken subsequent to the acquittal of Rizzo of the charge of stealing the car, both admitted that it was Campbell who called on the telephone and not Rizzo. This goes to the very heart of the charge that his possession of the automobile was with knowledge that it had been stolen, and might well, on another hearing, result in different findings and a different decision.

■■ As for the second main issue, it is, of course (as the Board contends), necessary that such a petition demonstrate that it was through no fault or neglect on the part of Rizzo that the grounds now relied upon were not previously made to appear to the Board or to the trial court. (See *People v. Lewis*, 22 Ill.2d 68, 174 N.E.2d 197.) Hence the second real issue on this appeal is whether he had done so.

■■ Obviously Rizzo could not have known, until the criminal trial, that the testimony of Sergeant Zahn and Patrolman LaGioia would contradict materially their testimony before the Board; and his delay in taking their depositions is explained by par. 17 of his petition which alleges:

"17. That he was unable to secure information upon which his petition was filed due to the fact that during the pendency of the Criminal Court indictment against him from April 8, 1969, until he was found not guilty on October 10, 1969, he sought to take

the deposition of William Zahn, John LaGioia, and Joseph Miller, and that this Circuit Court issued an Order restraining your Petitioner from taking the deposition of said deponents by Order entered May 30, 1969, and quashing the subpoenas calling for the deposition of said witnesses, and that by reason thereof, the limitation against filing this Petition was stayed from the date of the issuance of said Order on May 20, 1969, until the acquittal of your Petitioner on October 10, 1969."

It is not surprising, therefore, that the trial court took the view that "the plaintiff exercised due diligence," with which contention we also agree.

■■ This brings us to the third and last real issue before us which is whether, in an appeal to the circuit court under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, pars. 264-279), the trial court may, as it did here, reverse and remand the cause for a trial *de novo* before the Board, or whether, as the Board contends, the trial court can only reverse and remand the cause to the Board "for the purpose of taking additional testimony".

In its brief the Board cites only subparagraph (g) of section 12 of the Administrative Review Act as follows:

"(g) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just. However, no remandment shall be made on the ground of newly discovered evidence unless it appears to the satisfaction of the court that such evidence has in fact been discovered subsequent to the termination of the proceedings before the administrative agency and that it could not by the exercise of reasonable diligence have been obtained at such proceedings; and that such evidence is material to the issues and is not cumulative;"

but it fails to note subparagraph (f) of said section, which provides as follows:

"(f) where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper."

In our opinion, said provision fully authorizes the action here taken by the trial court which, it seems to us is particularly appropriate here, where the Board's first decision was (March, 1968) some five years ago and it is now quite probable that most of the earlier members of the Board (Secor, Alund and Hamilton) are no longer members of said

Board and the matter must be heard and decided by members who have not heard or observed the witnesses testify.

We therefore find no error and the order of the trial court is affirmed.

Order affirmed.

BURKE, P. J., and GOLDBERG, J., concur.