LAWRENCE S. KRAIN, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellants.

First District (6th Division) Nos. 1—96—2527, 1—96—2874 cons.

Opinion filed August 8, 1997.—Rehearing denied September 25, 1997.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellants.

William J. Harte, Ltd., of Chicago (William J. Harte, Erik D. Gruber, and Joan M. Mannix, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Appellants, the Department of Professional Regulation (the Department) and Nikki M. Zollar, its Director, appeal from an order entered by the circuit court that stayed the Department's suspension of plaintiff's medical license. Appellants simultaneously filed a second appeal challenging the circuit court's order remanding the matter to the Department for consideration of "new evidence." We have jurisdiction in number 1—96—2527 pursuant to Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)). Jurisdiction in number 1—96—2874 is pursuant to Supreme Court Rule 306(a)(6) (155 Ill. 2d R. 306(a)(6)). We have consolidated these appeals for purposes of our disposition.

This is not the first time this matter has been before the appellate court. On January 5, 1996, in an unpublished order (No. 1—93—4559), we reviewed an order of the circuit court that reversed the Department's March 22, 1993, suspension of plaintiff's medical license. In that order we noted, contrary to the findings of the circuit court, that the Department had relied upon substantial evidence in concluding plaintiff's medical license should be suspended for a minimum of one year. We therefore reversed the circuit court and affirmed the Department's determination that petitioner suffered from a mental illness or disability which resulted in his inability to practice medicine with reasonable skill and safety. See 225 ILCS 60/22(A)(3), (A)(27) (West 1994).

Six months after our decision reversing the circuit court and affirming the Department, plaintiff filed this second action for administrative review in the circuit court. Plaintiff cited the discovery of certain "new evidence," which he claimed warranted new proceedings. One week later, on July 19, 1996, the circuit court entered the now-challenged orders staying plaintiff's license suspension and remanding the matter to the Department to reconsider the matter. We stayed the circuit court's orders pending resolution of these appeals.

■■ We find that the circuit court lacked jurisdiction to consider petitioner's second administrative review complaint. Section 3—103 of the Administrative Review Law is clear (735 ILCS 5/3—103 (West 1994)). It requires that an administrative review action be commenced within 35 days of the decision from which review is sought. 735 ILCS 5/3—103 (West 1994); *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354-55, 549 N.E.2d 1266 (1990). Plaintiff's second complaint seeking administrative review was filed more than three years after the final administrative decision he sought to challenge had been rendered. This was long after the circuit court's "final disposition" of the case, when the circuit court lost its jurisdiction over the plaintiff's initial complaint. See 735 ILCS 5/3—104 (West 1994). Accordingly, the orders of the circuit court staying the proceedings and remanding the case to the Department are void. *Swope v. Northern Illinois Gas Co.*, 221 Ill. App. 3d 241, 243, 581 N.E.2d 819 (1991).

Plaintiff raises the novel argument that, pursuant to the provisions of section 3—111(a)(7) of the Administrative Review Law, the circuit court has the power to remand a case to an administrative agency for the limited purpose of taking additional evidence, even after the circuit court has lost jurisdiction over the matter. Section 3—111 provides in pertinent part:

"(a) The Circuit Court has power:

* * *

(7) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just." 735 ILCS 5/3—111(a)(7) (West 1996).

We disagree with plaintiff's expansive reading of section 3—111(a)(7).

When the circuit court considers a matter on administrative review, it sits as a court of review, giving deference to the findings of fact made by the agency from which the appeal is taken. See 735 ILCS 5/3—110 (West 1994). Like other Illinois courts of review, the circuit court must have the power to remand the case *during the proceedings* if it determines that remand is required by the record

presented to it. Section 3—111(a)(7) merely codifies this rule of appellate procedure, in much the same way as Supreme Court Rule 366(a)(5) codifies the law of remandment for our appellate and supreme courts. *Cf.* 134 Ill. 2d R. 366(a)(5) ("the reviewing court may *** grant any relief, including a remandment, *** that the case may require").

Allowing the circuit court to order remand during the course of the proceedings is far different, however, from allowing the court to reexert its jurisdiction after final disposition. To allow litigants to reinvoke the circuit court's jurisdiction simply by alleging the existence of newly discovered evidence in the circuit court, long after an administrative proceeding has been concluded, would fatally undermine the finality of administrative decisions and would directly contravene the jurisdictional language of sections 3—103 and 3—104.

Because the circuit court lacked jurisdiction to consider the plaintiff's second administrative review action, the orders of the circuit court are void and are hereby vacated.

Vacated.

GREIMAN, P.J., and QUINN, J., concur.