LAWRENCE S. KRAIN, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—96—2879

Opinion filed March 6, 1998.—Modified on denial of rehearing April 10, 1998.

William J. Harte, Ltd., of Chicago (William J. Harte, Erik D. Gruber, and Joan M. Mannix, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Dr. Lawrence S. Krain, appeals from an order of the circuit court in which the court determined that it had no jurisdiction to consider Dr. Krain's section 2—1401 petition for postjudgment relief. See 735 ILCS 5/2—1401 (West 1996). We affirm.

On January 5, 1996, in an unpublished order (277 Ill. App. 3d 1099 (1996)) (hereinafter, *Krain I*), this court reviewed an order of the circuit court which reversed an order of the Department of Professional Regulation (the Department). We found, contrary to the findings of the circuit court, that the Department had relied upon substantial evidence in determining Dr. Krain suffered from a mental disease or disability which resulted in his inability to practice medicine with reasonable skill and safety. See 225 ILCS 60/22(A)(3), (A)(27) (West 1996). Accordingly, we reversed the circuit court and affirmed the Department's determination that Dr. Krain's license to practice medicine should be suspended for a minimum of one year.

In July of 1996, approximately six months after our decision in *Krain I*, plaintiff filed a second action for administrative review in the circuit court. Plaintiff cited the discovery of certain "new evi-

dence" which he claimed warranted new proceedings.[1] Dr. Krain relied upon section 3—111(a)(7) of the Administrative Review Law (735 ILCS 5/3—111(a)(7) (West 1996)), which grants the circuit court the power to remand issues to the agency upon the ground of "newly discovered evidence" as the jurisdictional basis for his petition. The circuit court granted relief to Dr. Krain in the form of remand to the Department for reconsideration of the new evidence. The Department thereafter brought two interlocutory appeals of the circuit court's decision. We consolidated the Department's appeals and reversed the circuit court in a published opinion issued August 8, 1997, *Krain v. Department of Professional Regulation*, 291 Ill. App. 3d 988, 684 N.E.2d 826 (1997) (hereinafter, *Krain II*). In that opinion, we held that section 3—111(a)(7) of the Administrative Review Law does not confer jurisdiction on the circuit court to reconsider administrative review proceedings once they have been concluded.

At the time we considered the Department's appeals in *Krain II*, we were aware, through references in the record and briefs, that Dr. Krain had asserted a section 2—1401 claim in the circuit court, in addition to relying upon section 3—111(a)(7) of the Administrative Review Law as a basis of circuit court jurisdiction. We were also aware that the circuit court determined that it was without jurisdiction to consider the section 2—1401 petition. Although Dr. Krain's brief indicated that an appeal of the section 2—1401 denial had been filed, neither the Department nor Dr. Krain sought to consolidate that appeal with the present case. Thus, in this appeal, we decide the question of whether the mechanisms provided by section 2—1401 of the Code of Civil Procedure apply to final administrative decisions. We hold they do not.

■ Section 2—1401 of the Code of Civil Procedure provides a mechanism whereby final judgments, decrees, and orders may be vacated more than 30 days after their entry. Although a section 2—1401 petition arises out of the same proceeding in which the order

---

[1]Specifically, Dr. Krain asserted that he had discovered that two of the drugs he had been prescribed by his doctors could interact to produce the physical symptoms relied upon by the Department in concluding that Dr. Krain suffered from a mental disease or disability. He also alleged that at the time of the hearing he had been suffering from an undiagnosed neurological disorder, tic douloureux, which was subsequently corrected through surgery. He asserted that if he had been able to present this evidence at his hearing, the Department would not have revoked his license to practice medicine. He also requested that the circuit court consider the ultimate outcome of litigation with his insurance company in a dispute over disability benefits.

or judgment that it is directed to was entered, it is a collateral attack on the judgment. *Ptaszek v. Michalik*, 238 Ill. App. 3d 72, 76, 606 N.E.2d 115 (1992); *City of Des Plaines v. Scientific Machinery Movers, Inc.*, 9 Ill. App. 3d 438, 442, 292 N.E.2d 154 (1972). In order to be granted relief under section 2—1401, the petitioner must show by a preponderance of the evidence (1) a meritorious defense or claim in the original action; (2) due diligence in pursuing the defense or claim in the trial court; and (3) due diligence in presenting the section 2—1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381 (1986).

Dr. Krain argues that section 2—1401 of the Code of Civil Procedure is available to a litigant who seeks review in the circuit court not only of a final judgment initially rendered by that court but, also, of decisions made by the circuit court on administrative review. He cites for support the appellate court's decision in *Rizzo v. Board of Fire & Police Commissioners*, 11 Ill. App. 3d 460, 297 N.E.2d 247 (1973), a case that is procedurally similar. In *Rizzo*, the court affirmed the decision of the circuit court granting postjudgment relief under section 72 of the Civil Practice Act, the precursor to section 2—1401, to an employee of the Chicago police department who wished to show that perjured testimony had been the basis of the administrative agency's decision against her, a decision made some three years before her petition was filed and which had been affirmed on appeal in *Rizzo v. Board of Fire & Police Commissioners*, 131 Ill. App. 2d 229, 267 N.E.2d 7 (1971).

■ Dr. Krain's reliance on section 2—1401 is misplaced, because when the General Assembly adopted the Administrative Review Law it rendered that statute the exclusive method of challenging decisions issued by the Department. 735 ILCS 5/3—102 (West 1996). The courts are expressly precluded from granting any other statutory, equitable, or common law mode of review. *Smith v. Department of Public Aid*, 67 Ill. 2d 529, 367 N.E.2d 1286 (1977) (construing precursor to Administrative Review Law, the Administrative Review Act). Thus, the Illinois decisions are clear that alternative methods of direct review or collateral attack of an agency decision such as that envisioned by section 2—1401 are simply not available. *Cf. Weissinger v. Edgar*, 180 Ill. App. 3d 806, 810, 536 N.E.2d 237 (1989); *Board of Education of Hawthorne School District No. 17 v. Eckmann*, 103 Ill. App. 3d 1127, 1129-30, 432 N.E.2d 298 (1982).

Since the Administrative Review Law provides the exclusive means by which Dr. Krain can seek review of the Department's determination, and because that statute does not provide for the type of postjudgment relief provided by section 2—1401, the circuit court

was correct in holding that it lacked jurisdiction over Dr. Krain's section 2—1401 claims. To the extent that this court's 1973 decision in *Rizzo* is inconsistent with this holding and implies that section 2—1401 review is available to a litigant following the conclusion of administrative review proceedings, we respectfully decline to follow it.

Dr. Krain argues that it is simply inequitable for there to be no means by which he can now raise the existence of newly discovered evidence so as to restore his professional reputation. All litigation, however, must come to an end at some point in time. As the Department points out, Dr. Krain retains the option of re-petitioning the Department for reinstatement of his medical license under section 43 of the Medical Practice Act of 1987. 225 ILCS 60/43 (West 1996). This section provides that the Department may restore or reinstate a license upon the recommendation of the Medical Disciplinary Board. Under this procedure the Board may consider subsequent information regarding the applicant's treatment which, in this case, would include any information regarding how the discontinuance of the prescription drugs Dr. Krain was taking at the time he manifested signs of mental disability and his surgery to correct tic douloureux have affected his current mental condition. If such evidence were to indicate that Dr. Krain had been misdiagnosed by the Department's experts, that fact could be considered in deciding whether to reinstate his license. Although such a remedy is not perfect, in that it is not the same as vacating the original decision of the Department, it is the only remedy consistent with the provisions of the Administrative Review Law.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN, P.J., and QUINN, J., concur.