CARLOS RODRIGUEZ, Plaintiff-Appellant, v. Du PAGE COUNTY SHERIFF'S MERIT COMMISSION *et al.*, Defendants-Appellees.

Second District    No. 2—00—1398

Opinion filed April 12, 2002.

900

Linda Spak, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy, Paul F. Bruckner, and Thomas J. Stanfa, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE KAPALA delivered the opinion of the court:

Plaintiff, Carlos Rodriguez, timely appeals the circuit court's order dismissing with prejudice his complaint for administrative review of the June 19, 1996, final order of the Du Page County Sheriff's Merit Commission (Commission). The Commission's decision ordered the removal of plaintiff from his position as a deputy sheriff. Plaintiff's complaint for administrative review, which named the Commission and Sheriff Richard Doria (the sheriff) as defendants, was filed in the circuit court on June 8, 2000. The trial court granted defendants' motion to dismiss the complaint pursuant to sections 2—619(a)(1) and (a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(1), (a)(5) (West 2000)) because the complaint for review was untimely. It was filed nearly four years after the date of the Commission's final order and well beyond the 35-day period for filing such a complaint under the provisions of the Administrative Review Law (Review Law) (see 735 ILCS 5/3—102, 3—103 (West 2000)). On appeal, plaintiff's central argument is that the circuit court acquired jurisdiction to hear such an untimely complaint where he claims there was "newly discovered evidence" that would permit a circuit court to remand the cause to the agency to take additional evidence pursuant to section 3—111(a)(7) of the Review Law (735 ILCS 5/3—111(a)(7) (West 2000)). He claims this newly discovered evidence is available because Michael Hener, a jail inmate who had testified at the administrative hearing before the Commission, has recanted his testimony.

Plaintiff argues that section 3—111(a)(7) of the Review Law in effect provides for an extended or open-ended jurisdictional time limitation for an administrative review proceeding where there is a claim of newly acquired evidence. He analogizes this proceeding based on newly discovered evidence to one for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) (providing for the review of constitutional violations in criminal trials up to three years from the date of conviction under certain conditions), or to a proceeding for relief from a final judgment under section 2—1401 of the Code (735 ILCS 5/2—1401 (West 2000)) (providing

for relief from final judgments under certain conditions within two years of the date of judgment). We disagree with plaintiff, and we affirm.

We recite only those facts necessary to an understanding of our disposition of this appeal. The record reveals that on January 31, 1996, Sheriff Doria filed a disciplinary complaint with the Commission charging that plaintiff, a deputy sheriff, had violated certain policies and procedures of the sheriff's department when he arranged for a private meeting in December 1995 between four inmates incarcerated within the county jail. At least three of the inmates were reputedly members of the Latin Kings street gang; the remaining inmate was Michael Hener. The gist of plaintiff's testimony at the hearing was that plaintiff was trying to diffuse, or intervene in, a potentially violent situation where a gang member, who was being sent to the jail from the Department of Corrections, was to carry out a "hit" on one of the inmates. Hener was one of several witnesses, and his testimony was apparently favorable to the sheriff. The Commission determined that plaintiff had violated the policies and procedures of the sheriff's department and, on June 19, 1996, ordered that plaintiff be removed from his position as a deputy sheriff.

Plaintiff did not seek direct review of that order within the 35-day period for review. Instead, plaintiff filed his complaint, purportedly based on newly discovered evidence, on July 8, 2000, nearly four years later. Plaintiff provided the affidavit of Michael Hener, which stated, in effect, that Hener was coerced by officials of the sheriff's department and the special State's Attorney into giving false testimony at the hearing. The affidavit recited an apparently different version of the events surrounding the jail incident and how Hener was induced to testify against plaintiff.

On July 12, 2000, defendants filed a motion to dismiss plaintiff's complaint for review, claiming that the trial court did not have subject matter jurisdiction over the complaint because it was not filed within the 35-day period for review, that the Review Law was the exclusive method of review, and that, therefore, judicial review must be barred.

We note initially that we are not concerned here with the merits of plaintiff's claims regarding the Commission's findings and order. Rather, we must decide whether the trial court was without jurisdiction to review plaintiff's claims where he never filed a timely complaint for review when he had the opportunity to do so.

■ The Review Law is the sole and exclusive method to obtain judicial review of a final administrative decision. *Midland Hotel Corp. v. Director of Employment Security*, 282 Ill. App. 3d 312, 316 (1996); *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726,

731 (1994). The Review Law was enacted to eliminate conflicting and inadequate common-law and statutory remedies for the judicial review of administrative decisions and to substitute a single, uniform, and comprehensive remedy. *Mueller*, 267 Ill. App. 3d at 733. It was also intended to make available to persons aggrieved by administrative decisions a judicial review consonant with due process standards without unduly restricting the exercise of administrative judgment and discretion essential to the effective working of the administrative process. *Mueller*, 267 Ill. App. 3d at 733. However, a court reviewing an administrative decision is limited to ascertaining whether the decision of the administrative agency is against the manifest weight of the evidence and is also limited to a consideration of the evidence submitted in the administrative hearing; the court may not itself hear additional evidence or conduct a hearing *de novo. Acevedo v. Department of Employment Security*, 324 Ill. App. 3d 768, 771, 773 (2001).

■ Where, as here, the Review Law is applicable, any other statutory, equitable, or common-law mode of review that was formerly available cannot be employed; furthermore, unless judicial review is sought within the time and in the manner provided by the Review Law, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the administrative decision. 735 ILCS 5/3—102 (West 2000). Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. 735 ILCS 5/3—103 (West 2000). The 35-day period for filing the complaint is jurisdictional. *Brazas v. Property Tax Appeal Board*, 309 Ill. App. 3d 520, 526 (1999). Thus, it appears that the trial court never acquired jurisdiction of the cause unless plaintiff can point to some clearly established exception to the above rules of law. We believe plaintiff cannot do so.

■ Plaintiff argues that, under the Review Law, the circuit court has the power to remand a cause to the administrative agency for the limited purpose of taking additional evidence even when the trial court has lost jurisdiction over the matter. He notes that section 3—111(a)(7) of the Review Law, which describes one of the powers of the circuit court, states:

> "(7) [W]here a hearing has been held by the agency, [the circuit court has the power] to remand for the purpose of taking additional evidence when from the state of the record *** it shall appear that such action is just. However, no remandment shall be made on the ground of newly discovered evidence unless it appears to the satisfaction of the court that such evidence has in fact been discovered

subsequent to the termination of the proceedings before the administrative agency and that it could not by the exercise of reasonable diligence have been obtained at such proceedings; and that such evidence is material to the issues and is not cumulative[.]" 735 ILCS 5/3—111(a)(7) (West 2000).

A similar argument was rejected in a second appeal in *Krain v. Department of Professional Regulation*, 291 Ill. App. 3d 988 (1997) (*Krain II*). In *Krain II*, the plaintiff filed a second complaint seeking administrative review of the agency's decision (to suspend his physician's license) more than three years after the final administrative decision was rendered. In the second appeal, which was brought by the agency, the appellate court first determined that the trial court was without jurisdiction to hear the case because the second complaint was filed outside the statutory 35-day period. Relying on section 3—111(a)(7), the plaintiff argued, as plaintiff does here, that the circuit court had the power to remand the cause for the taking of additional evidence. The appellate court concluded that section 3—111(a)(7) does not allow a circuit court to reassert its jurisdiction after a final disposition in an administrative review case.

The *Krain II* court explained that, when a circuit court considers a matter on administrative review, it sits as a court of review, giving deference to the findings of fact made by the agency from which the appeal is taken. Like other courts of review, a circuit court must have the power to remand the cause *during the proceedings* if it determines that a remand is required by the record presented. The *Krain II* court likened the provisions of section 3—111(a)(7) to the rule of appellate procedure that empowers a reviewing court to remand a cause for further proceedings. The *Krain II* court rejected the plaintiff's argument that litigants could reinvoke the circuit court's jurisdiction merely by alleging the existence of newly discovered evidence long after the administrative proceeding had been concluded, because doing so would fatally undermine the finality of administrative decisions and contravene the jurisdictional requirements of the Review Law such as section 3—103. *Krain II*, 291 Ill. App. 3d at 990-91.

We agree with the decision in *Krain II*. The term "remand" implies that the case has been properly brought before the reviewing court before it can be sent back to the fact finder, agency, or inferior tribunal from which it came. The language of section 3—111(a)(7) does not imply or even suggest that a complaint for administrative review can be initiated at any time after the conclusion of the administrative proceeding merely on the basis of newly discovered evidence.

Plaintiff also argues that section 3—111(a)(7) allows for a type of collateral or equitable review by petition such as is found in section

2—1401 of the Code. Under that section, a petition for relief from a final judgment may be filed after 30 days but within 2 years of the entry of the judgment, if certain requirements are met. The petition, which is directed against the judgment, must be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation thereof and is a collateral attack on that judgment. *Krain v. Department of Professional Regulation*, 295 Ill. App. 3d 577, 579-80 (1998) (*Krain III*); see 735 ILCS 5/2—1401(b) (West 2000). The petitioner must show by a preponderance of the evidence (1) a meritorious defense or claim in the original action; (2) due diligence in pursuing the defense or claim in the trial court; and (3) due diligence in presenting the petition. *Krain III*, 295 Ill. App. 3d at 580.

■ Plaintiff's argument that this type of collateral review is available to review an administrative agency decision has also been rejected by the reviewing court in *Krain III*, which involved an appeal by the same plaintiff physician as in *Krain II*. In *Krain III*, the appellate court determined that section 2—1401 relief was not available to review an administrative decision that had become final, because the Review Law was the exclusive method of challenging an agency decision and courts were expressly precluded from granting any other statutory, equitable, or common-law mode of review or collateral review. *Krain III*, 295 Ill. App. 3d at 580-81 (effectively overruling *Rizzo v. Board of Fire & Police Commissioners*, 11 Ill. App. 3d 460 (1973)). This determination is in accord with the precedent of this court, which states that, where the Review Law provides the exclusive method of review, alternate methods of direct review or collateral attack are not permitted. *Weissinger v. Edgar*, 180 Ill. App. 3d 806, 810 (1989). We again observe at this juncture that, in the present case, there was never a final judicial judgment resulting from a direct review of the merits of the administrative decision because plaintiff never filed a timely complaint for such a review. There was no judicial judgment to vacate by means of a collateral attack.

Similarly inappropriate is plaintiff's analogy to a collateral attack on a final judgment in a criminal case as provided for by the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)). Such a proceeding applies only to a criminal case where there is a claim of a constitutional violation at trial, and it has unique and particular pleading requirements and time limitations. See 725 ILCS 5/122—1 *et seq.* (West 2000). Section 3—111(a)(7) does not provide an analogous remedial procedure. This section of the Review Law is silent regarding the provision of any collateral attack on an administrative decision and regarding any time limitations, and we will not create such a procedure by reading it into the Review Law.

Finally, plaintiff argues in conclusory fashion that "Sheriff's officials" coerced or threatened Hener and this resulted in the fraudulent concealment of evidence. Therefore, plaintiff argues, the jurisdictional time limits for initiating a section 2—1401 proceeding or for seeking a direct review of the administrative decision are inapplicable. Plaintiff has not cited any authority directly on point regarding the applicability of such a rule to the circumstances here, where the plaintiff has failed to seek a direct judicial review of an agency's administrative decision. Neither has plaintiff argued specifically, with sufficient supporting references to the record or to pertinent legal authority, that the Commission's decision was void and that he is therefore entitled to have that decision vacated and obtain a new administrative hearing. To the extent that plaintiff has presented an inadequate argument regarding fraud or the concealment of evidence, we do not consider it further. See *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 269 (1996) (inadequate argument results in waiver of issue).

We conclude that *Krain II* and *Krain III* are applicable to this case. We hold that section 3—111(a)(7) of the Review Law does not allow plaintiff to invoke the jurisdiction of the circuit court to seek an untimely review of the Commission's decision and remand the cause for the taking of additional evidence. Furthermore, a proceeding to collaterally attack the Commission's final decision long after it was rendered is not available to plaintiff under the facts and circumstances presented.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BYRNE, JJ., concur.