2022 IL App (1st) 211247-U

THIRD DIVISION
June 30, 2022

No. 1-21-1247

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TODD WILLIAMS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | 2016-CH-16450 |
| | ) | |
| DEPARTMENT OF HUMAN SERVICES DIVISION OF | ) | Honorable |
| REHABILITATION SERVICES, | ) | Eve M. Reilly, |
| | ) | Judge Presiding |
| Defendant-Appellee | ) | |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

O R D E R

¶ 1     *Held*: Circuit court lacked subject matter jurisdiction to consider petition for post-judgment relief seeking reconsideration of administrative review action which had already been addressed by circuit, intermediate appellate, and supreme courts. Dismissal of petition was affirmed.

¶ 2     This is Todd Williams' second *pro se* appeal regarding the denial of his request in 2016 for $81,138 from the Division of Rehabilitation Services of the Illinois Department of Human Services (IDHS) to attain self-employment. Williams appeals from the dismissal of a section 2-1401 petition for relief from judgment. 735 ILCS 5/2-1401 (West 2020).

¶ 3     Williams sought cash from the agency to start a home-based instructional video business

that would provide advice on "how to do your own divorce," "how to file bankruptcy," and "how to do your own auto repairs." He earmarked most of the funds for video equipment and advertising and the remaining $22,000 for a vehicle for his personal use (not as the subject of the proposed vehicle repair video). Williams has an undergraduate degree in math and a graduate degree in business administration, but he is not a lawyer. Due to an unspecified disability, he has been applying for rehabilitation assistance since 1990. The agency denied Williams' 2016 application because he had not (1) created a written individualized plan for employment (IPE) outlining his vocational goal and the services that would help him reach that goal, (2) shown a likelihood of success, (3) demonstrated that he was requesting vocational rehabilitation services as opposed to merely cash, and (4) shown that he could contribute 50% of the costs above the agency's $10,000 maximum contribution toward a self-employment plan. Williams asked the bureau chief for an exception to state regulations, which was denied, and Williams went through the administrative appeal process, but he was unsuccessful in overturning the agency's decision.

¶ 4     Williams then tried, unsuccessfully, in all three levels of the Illinois courts to reverse the agency's decision. In 2018, the circuit court of Cook County rejected his arguments. In 2019, in *Williams I*, we also found that his arguments were unpersuasive, including his argument that the agency's decision should be reversed because the administrative hearing process did not comply with federal law. *Williams v. Illinois Dep't of Human Services*, 2019 IL (1st) 181517. We also denied Williams' motion to reconsider our decision. In 2020, the Illinois Supreme Court denied his petition for leave to appeal and denied his motion for leave to file a motion for reconsideration. *Williams v. Illinois Dep't of Human Services*, No. 125470, 140 N.E.3d 234 (Ill. Jan. 29, 2020).

1-21-1247

¶ 5    Williams had thus exhausted every avenue that exists in the Illinois administrative and judicial systems.

¶ 6    However, in an attempt to revive his 2016 application, Williams returned to the circuit court in April 2020 with a section 2-1401 petition for relief from judgment. 735 ILCS 5/2-1401 (West 2020).[1] The gist of Williams' request was that the circuit court should reconsider its adverse judgment in 2018 and also sit as a court of review as to the 2019 and 2020 decisions of the intermediate appellate and supreme courts which had left the circuit court's 2018 judgment in effect. He alleged that the decisions of the circuit court and intermediate appellate court in *Williams I* were void because both courts used the wrong statutory scheme and failed to enforce federal law. He repeated the arguments he made in *Williams I*, claiming that state regulations which capped the agency's contributions and required him to provide 50% matching funds were inconsistent with federal law and should be repealed. He quoted various federal statutes for the

---

[1]    Williams purportedly filed an amended version of his section 2-1401 petition two months later. The record on appeal includes a one-page document entitled "NOTICE OF AMENDED PETITION FOR RELIEF FROM JUDGMENT UNDER SECTION 2-1401 OF THE CODE OF CIVIL PROCEDURE (735 ILCS 5/2-1401 (WEST 2000))." In addition, the circuit court set a briefing schedule for Williams' amended petition.

However, we did not find an amended petition in the record on appeal. Furthermore, the response that Williams filed in opposition to the agency's motion to dismiss refers to his "PETITION," not to an amended version. The circuit court's dismissal order refers to Williams' "Petition," not to his "amended petition." In his appellate brief, Williams gives a factual account of the proceedings, stating that he "filed his (735 ILCS 5/2-1401 West 2000) Motion on April 13, 2020, within the two-year requirement" and the circuit court "denied 1401 PETITION on March 22, 2021." We read these as indications that Williams did not actually file an amended petition. We have reviewed the petition and dismissal order in the record on appeal.

If Williams did file an amended petition, then the record is incomplete. If the record is incomplete, then we construe the incompleteness against the appellant, Williams; presume the dismissal order conformed with the facts and law; and affirm on that basis. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001).

proposition that "discretion is not with [the agency] but with the client." He claimed that this appellate court "seemed not to understand" that he was entitled to the funds he had requested. He also stated that "[t]he nature of this action is to get just one of you judges and the Attorney General to actually read the federal statutes."

¶ 7        IDHS moved to dismiss Williams' petition, arguing a lack of subject matter jurisdiction and a lack of merit.

¶ 8        The circuit court granted IDHS' motion and denied Williams' motion for reconsideration.

¶ 9        On appeal, Williams argues for further review of the agency's denial of his application for cash, repeal of state regulations that purportedly conflict with federal regulations, and an order requiring the agency to "recognize that the services relating to self-employment are vocational rehabilitation services."

¶ 10       IDHS responds that when Williams' administrative review action ended in 2020 with the Supreme Court's orders, there were no other options for review. IDHS contends the circuit court lacked subject jurisdiction over Williams' section 2-1401 petition and that we should affirm the circuit court's decision to dismiss. 735 ILCS 5/2-1401 (West 2020). In the alternative, the agency argues that the doctrine of *res judicata* barred Williams from relitigating issues that were judicially determined, and that, in any event, his petition lacked merit.

¶ 11       In reply, Williams does not address the topics of subject matter jurisdiction or *res judicata*. He reiterates that federal regulations have been disregarded to his detriment, contends "all the court rulings are void," and seeks "a new impartial hearing."

¶ 12       The appellant in *Krain v. Illinois Department of Professional Regulation*, 295 Ill. App. 3d 577 (1998), was on a similar footing as Williams, when he filed a section 2-1401 petition after

failing to prevail in an administrative review action. 735 ILCS 5/2-1401 (West 1996). Initially, the Illinois Department of Professional Regulation had suspended Dr. Krain's license to practice medicine for at least a year and the appellate court affirmed the agency's decision. *Krain*, 295 Ill. App. 3d at 578. A short time later, Dr. Krain refiled in the circuit court, attempting to reopen the administrative review action on the basis of " 'newly discovered evidence' " that he had been suffering from undiagnosed medical conditions which had been discovered and corrected. *Krain*, 295 Ill App. 3d at 579. He contended this evidence would overcome the agency's reasons for suspending his medical license. *Krain*, 295 Ill. App. 3d at 579.

¶ 13     For jurisdiction, Dr. Krain relied on section 3-111(a)(7) of the Administrative Review Law, which grants the circuit court power to remand issues to the agency to consider "newly discovered evidence." *Krain*, 295 Ill. App. 3d at 579 (citing 735 ILCS 5/3-111(a)(7) (1996)). The agency, however, appealed and the appellate court found "that section 3-111(a)(7) of the Administrative Review Law does not confer jurisdiction on the circuit court to reconsider administrative review proceedings once they have been concluded." *Krain*, 295 Ill. App. 3d at 579 (citing *Krain v. Department of Professional Regulation*, 291 Ill. App. 3d 988 (1997)).

¶ 14     The appellate court also rejected section 2-1401 as a basis for the circuit court to reopen the administrative review proceedings. *Krain*, 295 Ill. App. 3d at 579. Section 2-1401 is a procedural rule by which the petitioning party may argue to the court that rendered judgment that there was an error in the proceeding. *Warren County Soil and Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. The petitioner must show by a preponderance of the evidence the existence of a meritorious defense, due diligence in presenting the defense or claim to the circuit court in the original action, and due diligence in filing the section 2-1401 petition. *Krain*, 295 Ill.

App. 3d at 580 (citing *Smith v. Airoom*, 114 Ill. 2d 209, 220-21 (1986)).

¶ 15    The appellate court held that section 2-1401 was inapplicable because when the legislature adopted the Administrative Review Law "it rendered that statute the exclusive method of challenging decisions by [administrative agencies]." *Krain*, 295 Ill. App. 3d at 580 (citing 735 ILCS 5/3-102 (West 1996)). "The courts are expressly precluded from granting any other statutory, equitable, or common law mode of review." *Krain*, 295 Ill. App. 3d at 580 (citing *Smith v. Department of Public Aid*, 67 Ill. 2d 529 (1977)). "Thus, the Illinois decisions are clear that alternative methods of direct review or collateral attack on an agency decision such as that envisioned by section 2-1401 are simply not available." *Krain*, 295 Ill. App. 3d at 580. The court concluded, "Since the Administrative Review Law provides the exclusive means by which Dr. Krain can seek review of the [agency's] determination, and because that statute does not provide for the type of post-judgment relief provided by section 2-1401, the circuit court was correct in holding that it lacked jurisdiction over Dr. Krain's section 2-1401 claims." *Krain*, 295 Ill. App. 3d at 580.

¶ 16    In *Dubin v. Personnel Board of City of Chicago*, 128 Ill. 2d 490, 492-93 (1989), the city's personnel board discharged Dubin from city employment after finding that he did not physically reside or intend to reside with the city's boundaries, which was contrary to the municipal code. Dubin sought a stay of the board's determination, rather than administrative review, contending that the board's findings of fact were insufficient and that without additional findings, the discharge order could not be reviewed under the Administrative Review Law. *Dubin*, 128 Ill. 2d at 493 (citing Ill. Rev. Stat. 1987, ch. 110, pars. 3-101 through 3-112). The Illinois Supreme Court rejected the proposition that a circuit court was authorized to make a

preliminary finding that the factual findings in the board's decision were incapable of review, stay the order, and remand the case for further findings, even though the circuit court had not been asked to review the agency's decision. *Dubin*, 128 Ill. 2d at 497. Instead, "an action for judicial review of the Board's discharge order provides the sole method by which Dubin might obtain the relief he seeks." *Dubin*, 128 Ill. 2d at 499. "[W]here a final agency decision has been rendered and the circuit court may grant the relief which a party seeks within the context of reviewing that decision, the circuit court has no authority to entertain independent actions regarding the actions of an administrative agency." *Dubin*, 128 Ill. 2d at 499. The Illinois legislature "designed [the Administrative Review Law] to channel into a single procedure the judicial review of the decisions made by administrative agencies in particular cases." *People ex rel. Naughton v. Swank,* 58 Ill.2d 95, 102 (1974). See also *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 29 (indicating there is no precedent suggesting that "litigants may use a section 2-1401 petition as a second opportunity to raise arguments that were, or could have been, made in a direct appeal").

¶ 17    Williams obtained the circuit court's review in 2018, followed by his unsuccessful appeals to the intermediate appellate and supreme courts. The cases that we discussed above establish that section 2-1401 was not an avenue for Williams to return to the circuit court. Section 2-1401 did not authorize the circuit court to consider the merits of Williams' petition. For these reasons, we affirm the dismissal of Williams' section 2-1401 petition for lack of jurisdiction. We need not reach the agency's alternative arguments regarding *res judicata* or disputing the merits of Williams' petition.

¶ 18    Affirmed.